In re GENERAL ELECTRIC
COMPANY, et al.,
Relators.

No. 07–0195.

Supreme Court of Texas.

Argued Nov. 14, 2007.

Decided Dec. 5, 2008.

682

Kay Andrews, Kurt Howard Kuhn, Virginia K. Hoelscher, Brown McCarroll, LLP, Austin, Laura A. Frase, Forman Perry Watkins Krutz & Tardy, LLP, Robert E. Thackston, Robert B. Gilbreath, Hawkins, Parnell & Thackston, LLP, Dallas, TX, for Relator.

Charles S. Siegel, Amanda Lea Reichek, Waters & Kraus, LLP, Jay Eric Stuemke, Simon Eddins & Greenstone, L.L.P., Dallas, TX, for Real Party in Interest.

Larry Funderburk, Funderburk & Funderburk, L.L.P., Houston, TX, for person interested in case-Acrowood.

Lewis C. Miltenberger, Fort Worth TX, for person interested in case-Foster Wheeler.

L. Hayes Fuller, III, Naman Howell Smith & Lee LLP, Waco, TX, for person interested in case-Goulds and Spence.

Robert Wilkinson, Dogan & Wilkinson, Pascagoula, MS, for person interested in case-Guard Line.

Dawn Marie Wright, Thompson & Knight, Dallas, TX, for person interested in case-Honeywell.

Peter A. Moir, Quilling, Selander, Cummiskey & Lownds, P.C., Dallas, TX, for person interested in case-Owens Illinois.

Alan P. Moore, Martin, Disiere, Jefferson & Wisdom, L.L.P., Dallas, TX, for person interested in case-Tyco & Yarway.

Brooke Hardie, Austin, TX, for person interested in case-Tyco Valves.

Barbara Jane Barron, Mehaffy & Weber, Beaumont, TX, for person interested in case-Zy-Tech.

Gary D. Elliston, for Amicus Curiae-Sterling Fluid & FMC Corp.

Greg T. Kinskey, Fanning, Harper & Martinson, Dallas, TX, for Amicus Curiae-Yarway.

Greg White, Naman, Howell, Smith & Lee LLP, Waco, TX, for Amicus Curiae-Goulds Pumps.

Michael John Ramirez, Kirkpatrick & Lockhart Preston Gates Ellis LLP, Dallas, TX, for Amicus Curiae-Crane Co.

Manuel Lopez, Shook, Hardy & Bacon, L.L.P., Houston, TX, for Amicus Curiae.

Justice JOHNSON delivered the opinion of the Court.

Although Austin Richards never lived or worked in Texas, he sued numerous defendants in Dallas County as a result of alleged exposure to asbestos at his jobsite in Maine. He alleged that he developed mesothelioma as a result of the exposure and that the defendants were liable to him because they produced or were involved in furnishing the asbestos. Several defendants moved for dismissal on the basis of forum non conveniens. The trial court denied the motions. At issue in this mandamus proceeding is whether the trial court abused its discretion by denying the defendants' motions to dismiss. We conclude that it did and conditionally grant mandamus relief.

## I. Background

Aside from a period of military service, Austin Richards lived in Maine his entire life. He worked in Maine for over thirty years as a mason handling pipe-covering insulation. In December 2005, he was diagnosed with mesothelioma. Richards [1] and his wife (collectively "Richards") filed suit in Dallas County against General Electric and over twenty other companies, three of which are headquartered in Texas. Richards alleged that the defendants mined, processed, manufactured, sold, or distributed asbestos which caused or contributed to his disease. The case was transferred to the asbestos multi-district litigation court in Harris County. *See* TEX.R. JUD. ADMIN. 13.

Seven defendants moved for dismissal of Richards's suit based on forum non conveniens. *See* TEX. CIV. PRAC. & REM.CODE § 71.051. They argued that the suit had no connection to Texas and that Maine was an adequate alternative forum for the case. Richards responded that the trial court should deny the motions to dismiss because the defendants had not met their burden of proof regarding the section 71.051 factors. He especially emphasized that the defendants had not proved the existence of an adequate alternative forum in which the claim could be tried. Richards asserted that if his case were dismissed and he refiled in Maine, the case would be vulnerable to removal to federal court and if removed, it would be transferred to the federal Multi–District Litigation Court No. 875 (MDL 875) for pretrial proceedings. *See In re Asbestos Prods. Liab. Litig.,* 771 F.Supp. 415, 422–24 (J.P.M.L.1991). Richards further argued that cases transferred to MDL 875 do not get tried and "virtually nothing happens to them at all." Richards urged that he was seriously ill from his disease and that if the Texas trial court declined to exercise jurisdiction, MDL 875 would not be adequate because he would not survive long enough to have his case tried.

At the hearing on the motion to dismiss, the judge asked whether the defendants would agree that they would not attempt to remove the case to federal court if he granted the motion to dismiss. Several defendants, including General Electric, did not agree to waive their removal rights.

*See* TEX.R.APP. P. 7.1(a)(1); TEX R. CIV. P. 151.

---

1. During oral argument, Richards's attorney advised the Court that Richards had died.

The judge sent a letter to the parties indicating that he would deny the motion to dismiss and expressing concern that if he granted the motion and the case were refiled in Maine, it would be removed to federal court and transferred to MDL 875 where it would "sit ... for several years." The judge wrote that his ruling on the motion might have been different if the defendants had waived their right of removal.

The defendants filed a motion to reconsider. They asserted that even if their motions to dismiss were granted and Richards refiled his case in Maine, removal to federal court was speculative, the criticisms of MDL 875 were unfounded as recent activity there refuted any argument that it did not provide an adequate remedy, and the court's ruling should not depend on the defendants' waiver of their removal rights. After another hearing, the trial court granted the motion to reconsider, set aside the letter in which he stated the grounds for his previous ruling, and denied the motion to dismiss without stating a reason.

Three defendants—General Electric, Warren Pumps, and Ingersoll–Rand (defendants)—seek mandamus relief directing the trial court to grant their motions to dismiss. They argue that on this record, the statutory forum non conveniens factors require dismissal.

## II. Discussion

### A. Availability of Mandamus Review

After the parties submitted briefs in this case, we held that an adequate remedy by appeal does not exist when a motion to dismiss for forum non conveniens is erroneously denied. *See In re Pirelli Tire, L.L.C.,* 247 S.W.3d 670, 679 (Tex.2007). Accordingly, mandamus relief is available in this case, if warranted. *Id.*

### B. Forum Non Conveniens

#### 1. General

The defendants claim that the trial court had no discretion but to apply the factors found in the forum non conveniens statute and dismiss Richards's claim because those factors weigh in favor of a forum other than Texas. Richards argues that even considering the statutory factors, the trial court had discretion to determine whether a forum non conveniens dismissal would serve the interest of justice, which in this case it would not.

We review a trial court's decision about whether to dismiss a case on forum non conveniens grounds for an abuse of discretion. A court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding principles. *In re Pirelli,* 247 S.W.3d at 676.

The applicable forum non conveniens statute provides:

If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action. In determining whether to grant a motion to stay or dismiss an action under the doctrine of forum non conveniens, the court shall consider whether:

(1) an alternate forum exists in which the claim or action may be tried;

(2) the alternate forum provides an adequate remedy;

(3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;

(4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and

(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

Tex. Civ. Prac. & Rem.Code § 71.051(b).

Prior to 2003, section 71.051 provided that a case brought by a United States resident "may" be stayed or dismissed under the doctrine of forum non conveniens. *See* Act of May 27, 1997, 75th Leg., R.S., ch. 424, § 1, 1997 Tex. Gen. Laws 1680. In 2003, the Legislature amended the statute. Among other changes, the amended statute provided that a trial court "shall" dismiss a claim or action if the court found that in the interest of justice and for the convenience of the parties a claim or action would be more properly heard in a forum outside Texas. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.04, 2003 Tex. Gen. Laws 847, 854. Before the 2005 amendments the statute also provided that when determining whether to dismiss an action based on forum non conveniens, a trial court "may" consider the factors specified in section 71.051(b). *Id.* In 2005, the Legislature amended the statute to its current form. Act of May 30, 2005, 79th Leg., R.S., ch. 248, § 1, 2005 Tex. Gen. Laws 448. It now provides that when determining whether to dismiss an action based on forum non conveniens, a trial court "shall"

consider the factors specified in section 71.051(b).

The defendants claim that the amended statute takes away much of a trial court's discretion in regard to forum non conveniens motions by requiring the court to weigh the statutory factors and decline to exercise jurisdiction if the factors weigh in favor of granting the motion. Richards claims, however, that the Legislature has always provided trial courts discretion to deny forum non conveniens motions, and the statute does not remove that discretion. Instead, the statute merely requires that dismissals serve the interests of justice—an inherently discretionary standard.

■ Use of the word "shall" in a statute imposes a duty. Tex. Gov't Code § 311.016(2). We agree with defendants that by using the word "shall" in regard to a trial court's consideration of the factors listed in section 71.051(b), the Legislature has essentially defined the terms "interest of justice" and "convenience of the parties" as they are used in section 71.051(b). Tex. Civ. Prac. & Rem.Code § 71.051(b). The Legislature also, by use of the word "shall," requires dismissal of the claim or action if the statutory factors weigh in favor of the claim or action being more properly heard in a forum outside Texas. *See In re Pirelli,* 247 S.W.3d at 675 n. 3 (noting that with the 2003 amendment, the Legislature now mandates dismissal if the trial court finds that the case would be more properly heard in another forum).

■■ Richards asserts that the defendants, as movants, had the burden to prove that each factor weighed in favor of dismissal and urges that they failed to meet the burden. We disagree. Prior to 2003, the statute provided that a trial court could stay or dismiss a claim under the forum non conveniens statute "if the party seeking to stay or dismiss proves" the enumerated factors "by a preponderance

of the evidence." Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.04, 2003 Tex. Gen. Laws 847, 854. However, the statute was amended to provide only that a trial court "shall consider" the factors. TEX. CIV. PRAC. & REM.CODE § 71.051(b). The statute does not mandate that a movant prove each factor or that each factor must weigh in favor of dismissal to require a motion to be granted. *Compare Hart v. Kozik*, 242 S.W.3d 102, 111 (Tex.App.-Eastland 2007, no pet.) (concluding that Family Code Section 152.207(b), which contains a list of factors that a trial court "shall consider" when determining whether a forum is inconvenient, does not require the trial court to make a finding as to each factor, and the trial court did not abuse its discretion by dismissing the case even in the absence of evidence on a factor). In construing statutes we presume that each word in the statute was put there for a purpose and that each word not in the statute was omitted for a purpose. *See Mauzy v. Legislative Redistricting Bd.*, 471 S.W.2d 570, 573 (Tex.1971). The statute does not contain language placing the burden of proof on a particular party in regard to the factors, as was the situation with the prior version. Nor does the statute require that a party prove each factor of section 71.051(b). The statute simply requires the trial court to consider the factors, and it must do so to the extent the factors apply. To the extent evidence is necessary to support the positions of the parties, the trial court must base its findings and decision on the weight of the evidence, and certainly is entitled to take into account the presence or absence of evidence as to some issue or position of a party.

With the foregoing in mind, we turn to the enumerated factors to determine whether the trial court abused its discretion in failing to grant the motions to dismiss.

## 2. Section 71.051(b)(1) and (2)— Adequate Alternate Forum

■ The first two factors in section 71.051(b) are: (1) whether an alternate forum exists where the claim may be tried, and (2) whether the alternate forum provides an adequate remedy. The defendants assert that Maine, where Richards lived and was allegedly exposed to asbestos, is such an alternate forum. Richards does not dispute that Maine state courts are an alternate forum or that those courts provide an adequate remedy. He urges in his brief that had defendants agreed not to remove the case to federal court, the Texas case would have been dismissed and the case would have been tried in Maine. But he contends the defendants have not proved the availability of an alternate forum where the claims may be *tried.* He takes that position because none of the defendants in this case maintain a principal place of business or are incorporated in Maine. Therefore, his case would be vulnerable to removal to federal court on diversity jurisdiction grounds. *See* 28 U.S.C. 1332(a)(1). He claims that once removed to federal court, his case would almost certainly be transferred to MDL 875, and it is widely accepted that cases transferred to MDL 875 do not get tried. For support, he quotes from an opinion of the federal district court in Maine: "If these claims return to state court, they will proceed to resolution. If they remain in federal court, they will encounter significant delay upon their transfer [to MDL 875] where no asbestos trials or discovery takes place in deference to global settlement efforts." *In re Maine Asbestos Cases*, 44 F.Supp.2d 368, 374 (D.Me.1999). He also quotes from *Madden v. Able Supply Co.*, 205 F.Supp.2d 695, 702 (S.D.Tex. 2002): "There are thousands of asbestos cases pending in [MDL 875] and, if history be any indicator, Plaintiff's claims . . . will

not be heard for many years." Richards also points to data from the Judicial Panel on Multidistrict Litigation indicating that as of August 10, 2000, 32,892 cases were pending in MDL 875 and only 199 cases had been remanded in the preceeding year. He claimed in the trial court, and continues to claim in this Court, that because of the situation in MDL 875, dismissal would not work *justice*, but would work *injustice*. Richards argued that a transfer to MDL 875 would work an injustice because he would have no chance at a trial before his death and that because claims languish in MDL 875, it is not an alternate forum in which the claim may be *tried* as required by section 71.051(b)(1).[2]

The defendants claim that because the state courts of Maine comprise an adequate alternate forum and remedy, Richards's arguments about MDL 875 are irrelevant. Section 71.051(b), they posit, does not allow the trial court to deny their motions based on speculation about what might happen procedurally in another venue, nor does it allow the trial court to speculate about whether the case would be refiled in Maine or some other alternate forum. Even though their position is that the status of MDL 875 is irrelevant, they also counter Richards's claims as to that court with more recent documents showing that progress is being made in regard to moving asbestos cases through the federal pretrial process.

■■ Ordinarily, an alternate forum is shown if the defendant is "amenable to process" in the other jurisdiction. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). There may be circumstances where an alternate forum is not adequate because the remedies it offers are so unsatisfactory

that they really comprise no remedy at all. *Id.* But, comparative analyses of procedures and substantive law in different forums should be given little weight in forum non conveniens analysis because such analyses pose significant practical problems. *Id.* at 251, 102 S.Ct. 252. Comparison of the "rights, remedies, and procedures" available in each forum would require complex exercises in comparative law that the forum non conveniens doctrine is designed to help courts avoid. *Id.* Therefore, a comparative analysis of the procedures, rights, and remedies available in Texas, Maine, and federal courts should only be given weight if Maine (and a potential transfer to MDL 875) would in substance provide no remedy at all.

The disadvantages Richards perceives in MDL 875 proceedings are ones of comparative speed to disposition of his case. His objection is based on comparative analysis of procedural processes and times to trial. That is the type of exercise that is disfavored when forum non conveniens motions are considered. Delay in disposition of a case might happen in any jurisdiction depending on docket congestion, statutes, and procedures mandating preferential settings for certain types of cases, fiscal conditions of the judiciary, and numerous other possible conditions and events. The many known and unknown matters affecting pretrial events and trial settings are necessarily speculative and are reasons comparative analyses have been termed "complex" and should be avoided in forum non conveniens consideration. *See Piper Aircraft Co.*, 454 U.S. at 251, 102 S.Ct. 252.

Furthermore, even if Richards's case is dismissed in Texas, filed in Maine, and transferred to MDL 875 for pretrial pro-

---

**2.** Even though Richards passed away before oral argument, we address his arguments as they were presented to the trial court because

we must examine the facts, record, and arguments before the trial court to determine if the trial judge abused his discretion.

ceedings, Richards will not be deprived of all remedies for purposes of forum non conveniens analysis. *See In re Union Carbide Corp. Gas Plant Disaster at Bhopal, India,* 634 F.Supp. 842, 848–49 (S.D.N.Y.1986), *aff'd,* 809 F.2d 195 (2d Cir. 1987) (rejecting plaintiffs' claims that a suit should not be dismissed on forum non conveniens grounds because the alternate forum had problems of delay and backlog, and lacked the wherewithal to deal effectively and expeditiously with the suit). Though Richards (and others) may be critical of the methods used and time taken to dispose of pretrial matters in the federal asbestos MDL scheme, the scheme is designed to resolve asbestos cases, not deprive injured parties of a remedy. The federal Constitution guarantees Richards the right to a jury trial and due process, and the Maine and federal courts are bound to afford those rights to Richards. U.S. CONST. amend. VII, amend XIV, § 1. We believe, therefore, that Maine, and even MDL 875, come within the Legislature's intent that the alternate forum be one "in which the claim or action may be tried." TEX. CIV. PRAC. & REM.CODE § 71.051(b).

We conclude that on balance, the factors set out in sections 71.051(b)(1) and (2) weigh strongly, if not conclusively, in favor of Richards's action being heard in a forum outside Texas.

### 3. Section 71.051(b)(3)—Substantial Injustice to Defendants by Litigating in Texas

■ The defendants point to private interest considerations in support of their assertion that litigating this case in Texas will work a substantial injustice to them. *See* TEX. CIV. PRAC. & REM.CODE

§ 71.051(b)(3). They also point to the increased costs of traveling to Maine to depose witnesses for trial in Texas. Richards argues that the defendants' claims in this regard are conclusory allegations which are insufficient to support dismissal. He also claims that regardless of the forum, expert witnesses in asbestos cases reside all over the country and attorneys must routinely travel to take depositions.

While some travel in this case will almost certainly occur regardless of the forum in which the case is ultimately litigated, that aspect does not override the fact that the evidence and witnesses relevant to the issue of Richards's asbestos exposure and his damages are outside the subpoena power of Texas courts. TEX.R. CIV. P. 176.3. At the hearing on the defendants' motions to dismiss, Richards agreed that if the trial court denied the motions but it later became clear to the defendants that trial in Texas would be impossible due to the unavailability of witnesses and evidence, Richards would not object to motions to dismiss on the basis of timeliness, even if they were filed shortly before trial. But requiring parties to litigate a case such as this in Texas until it becomes clear [3] that it is "impossible" to defend the case due to unavailability of evidence and fact witnesses because they are beyond the reach of compulsory process is a waste of private and public resources. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 511, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) ("Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their case on deposition, is to create a condition not satisfactory to court, jury or most litigants."). Further, while Richards argues that defendants have not identified any

---

**3.** Of course, what is clear to one party to a lawsuit is not always clear to the opposing party.

specific witness or evidence they are unable to obtain, such a showing is not necessary. *See Reyno,* 454 U.S. at 258, 102 S.Ct. 252 (noting that requiring detail and extensive investigation regarding witnesses beyond the reach of compulsory process would defeat the purpose of a forum non conveniens motion).

We conclude that the section 71.051(b)(3) factor—whether maintaining the action in Texas would work a substantial injustice to defendants—weighs strongly in favor of the claim being more properly heard in a forum outside Texas.

### 4. Section 71.051(b)(4)—Jurisdiction Over all Defendants

■ Richards claims the evidence did not show that all the defendants in this case are subject to the jurisdiction of Maine courts, or have consented to jurisdiction in Maine. *See* Tex. Civ Prac. & Rem Code § 71.051(b)(4). The defendants that filed motions to dismiss stipulated to jurisdiction in Maine, agreed to submit to jurisdiction there, or admitted they were subject to jurisdiction under the Maine long-arm statute. Further, the defendants argue that under the Maine long-arm statute, courts in Maine will have jurisdiction over all defendants *properly* joined as parties.

Maine courts have jurisdiction over any person as to a cause of action arising from "[d]oing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State." 14 Me.Rev.Stat. § 704–A(2)(B). Richards claims that this statute only allows an assumption that all defendants are subject to jurisdiction in Maine and that dismissal of a case based on a mere assumption would itself be an abuse of discretion. But there is no dispute that the exposure and injuries alleged by Richards occurred in Maine. Richards has not identified any

defendant over which Maine courts would not have jurisdiction under the Maine long-arm statute. And this Court has recognized that the possibility an alternate forum may not accept jurisdiction does not overcome other factors weighing in favor of dismissal, particularly when a court may condition its dismissal order on the acceptance of jurisdiction by the alternate forum. *In re Pirelli,* 247 S.W.3d at 677–78; *see* Tex. Civ. Prac. & Rem Code § 71.051(c) (allowing a court to set terms and conditions for dismissal of a claim based on forum non conveniens).

Richards cites *Tullis v. Georgia–Pacific Corp.,* 45 S.W.3d 118 (Tex.App.-Fort Worth 2000, no pet.), for his assertion that the defendants were required to prove Maine courts have jurisdiction over all the defendants rather than assume that jurisdiction would exist. In *Tullis,* the Texas trial court dismissed a suit arising out of an automobile accident in Tennessee on forum non conveniens grounds. *Id.* at 119–20. The court of appeals reversed. It noted that the defendant truck owner failed to produce any evidence that the truck driver, who had been a Tennessee resident at the time of the accident, was "amenable to service and subject to jurisdiction," and that the trial court's finding of fact that the truck driver "is a resident of Tennessee" was incorrect as the driver had not been located and there was no evidence regarding his current residence. *Id.* at 131. In this case, there is no defendant who has disappeared, and as noted previously, Richards does not claim that any defendant is not amenable to service in Maine. Further, there was no mention in *Tullis* of a Tennessee long-arm statute, as there has been here. Finally, the *Tullis* court also considered evidence related to the other 71.051(b) factors and its decision to reverse the dismissal of the case did not rest solely on the lack of evidence

regarding amenability to service and jurisdiction. *Id.* at 132–33.

The Maine long-arm statute is plain and speaks for itself. This record presents no reason to do what typically is not done in forum non conveniens analyses—perform a comprehensive comparative consideration of Maine jurisprudence in regard to each party to Richards's suit. Requiring Texas trial courts and appellate courts to engage in such exercises would slow down and complicate forum non conveniens hearings and decisions to the point that they could become major detriments to disposition of cases. This record presents no reason, for purposes of forum non conveniens analysis, to consider Maine's long-arm statute further than its plain words. The section 71.051(b)(4) factor—whether the alternate forum can exercise jurisdiction over all defendants properly joined to the plaintiff's claim—weighs in favor of the claim being more properly heard in a forum outside Texas.

### 5. Section 71.051(b)(5)—Public and Private Interest

Richards contends the defendants did not demonstrate that the balance of public and private interests weigh in favor of a Maine forum. Generally, the public interest factors to be considered are administrative difficulties related to court congestion, burdening the people of a community with jury duty when they have no relation to the litigation, local interest in having localized controversies decided at home, and trying a case in the forum that is at home with the law that governs the case. *See Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. 839. The private interest considerations generally are considered to be the ease of access to proof, the availability and cost of compulsory process, the possibility of viewing the premises, if appropriate, and other practical problems that make trial easy, expeditious, and inexpensive. *Id.* at 508, 67 S.Ct. 839; *see In re Pirelli,* 247 S.W.3d at 676.

As to the public interest factors, the parties do not disagree that Maine law will apply in this case. Maine undoubtedly has an interest in ensuring that its citizens are not exposed to hazardous materials in the workplace. Absent some overriding consideration, the citizens of Texas should not be burdened with jury duty in a complex asbestos exposure case that has no relationship to Texas. In this case, most evidence and fact witnesses are admittedly located in Maine. Richards's treating physicians, co-worker witnesses, and family members are there. The paper mill where Richards was allegedly exposed to asbestos is in Maine. Compulsory process is unavailable to require attendance at a Dallas County trial by witnesses approximately two thousand miles away. *See* TEX.R. CIV. P. 176.3. Richards says that he has already provided or will provide copies of his medical records to the defendants. But a promise to produce some or even most evidence does not cure the logistical problems created by lack of effective compulsory process for trial. *See Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839. Richards also asserts the defendants' claim that there is no compulsory process for witnesses who reside in Maine is an insufficient, "unsubstantiated, conclusory allegation" because the defendants have never identified a witness whose appearance they will be unable to obtain at a Texas trial. But detail regarding which witnesses would be called and what evidence would be unavailable is not necessary in a case such as this where the practical problems of trying a personal injury case hundreds of miles from the scene of the occurrence, the place where the lay witnesses reside, and where most other evidence is located is manifest. *See Reyno,* 454 U.S. at 258, 102 S.Ct. 252. Reasonable access to wit-

nesses and evidence is a fundamental need in regard to any trial—asbestos or otherwise.

Richards also points to the recently decided case of *Sales v. Weyerhaeuser*, 163 Wash.2d 14, 177 P.3d 1122 (2008), in which the Washington Supreme Court concluded that a trial court should have considered the effect of MDL 875 when analyzing the convenience of forums for forum non conveniens purposes. In *Sales*, Charles Sales filed suit in Washington against Weyerhaeuser, a Washington corporation that owned a lumber mill in Arkansas. *Id.* at 1124. Sales alleged he was exposed to asbestos in Arkansas and that the exposure caused him to develop mesothelioma. *Id.* The trial court granted Weyerhaeuser's motion to dismiss on forum non conveniens grounds over Sales's arguments that if he refiled the suit in Arkansas it would be removed to federal court and transferred to MDL 875 which would impede the progress of his suit based on the inherent delays there. *Id.* The Washington Supreme Court concluded that the trial court should have considered the effect of MDL 875 on the convenience of litigating in Arkansas. *Id.* at 1126. It did not conclude that MDL 875 proceedings would make Washington the more convenient setting, but rather, it concluded that the trial court should have considered whether MDL 875 proceedings would impact the speed, ease, and expense of the proceedings which would weigh in favor of litigation in Washington over Arkansas. *Id.*

A trial court must take all relevant factors into consideration with regard to the public and private interest factors. However, in this case, even including the effect of a possible transfer to MDL 875 does not change the balance: the factors in section 71.051(b)(5) weigh in favor of Maine as an alternate forum for Richards's claim. First and foremost, and as previously not-

ed, is the fact that both Maine and MDL 875 are subject to the federal Constitution and the rights it guarantees to Richards. Further, there is only a potential that the case will end up in MDL 875. There are a number of events that could occur that would prevent that from happening (such as if Richards decides to file suit in a state other than Maine). Additionally, if Richards refiles the case in Maine and it is transferred to MDL 875, there is still only the potential for delay. Richards presented statistics from 1999 and cases indicating that claims were left pending for many years and the MDL 875 judge, Judge Weiner, resolved cases through negotiation not trial. The defendants pointed out that Judge Wiener was no longer presiding over MDL 875. He was replaced by Judge Giles who had issued orders outlining changes to docket management and directed quarterly meetings of all counsel to address the processing and administration of claims.

Section 71.051(b)(5) requires a trial judge to balance the public and private interests to determine whether those factors predominate in favor of the claim being more properly heard in a forum outside Texas, and on balance, it is clear that the factors weigh in favor of Richards's action being heard in Maine.

## 6. Section 71.051(b)(6)—Unreasonable Duplication of Litigation

■ Richards asserts that the defendants failed to show dismissal would not result in unreasonable duplication of litigation. He claims dismissal would result in two lawsuits: the Texas case against the nonmoving defendants would remain pending while a new suit would be filed against the moving defendants in Maine. We disagree that had the trial court granted the defendants' motions to dismiss, this would have resulted in unreasonable duplication

of litigation. Section 71.051(b) currently provides that if a court decides "a claim or action" would be more properly heard in another forum, the court shall stay or dismiss "the claim or action." The language is broad and does not require that a trial court dismiss only the claims or actions against moving defendants. *See* Tex. Civ. Prac. & Rem.Code § 71.051(b) (requiring dismissal of a claim or action on written motion of "a" party).

In all the motions to dismiss, the defendants requested dismissal of the entire case, not just the claims against themselves.[4] For example, General Electric concluded its motion by stating "this case should be dismissed because it would be in the interest of justice and convenience to do so." It argued throughout the motion that the statutory factors weighed in favor of dismissal for all the defendants.

If Richards's action or part of the action is dismissed for forum non conveniens, the extent to which his litigation might be fragmented or duplicated lies in his hands, not those of the Texas court. If he were to refile suit in a jurisdiction other than Maine, then he might again be met with assertions by defendants that the action or a claim in the action is subject to a forum non conveniens challenge. But those contingencies depend on decisions by Richards to file suits in forums other than Maine and run the risk of multiple suits in multiple venues.

We disagree with Richards's position in regard to the section 71.051(b)(6) factor. The potential that a trial court might grant a motion to dismiss as to only part of an action and that some duplication of litigation could occur, depending on Richards's

own litigation decisions, does not turn the trial court's decision to grant motions to dismiss such as the ones in this case into decisions causing unreasonable duplication of litigation. Under the circumstances, the section 71.051(b)(6) factor—that the stay or dismissal would not result in unreasonable duplication or proliferation of litigation—weighs in favor of the claim being more properly heard in a forum outside Texas.

### 7. Waiver of Removal Rights

The defendants claim the trial court abused its discretion by denying their motions when they refused to waive their right to remove the case to federal court. They also argue that section 71.051(c), which allows a court to set terms and conditions for dismissing a claim, is unconstitutional to the extent it allows imposing such a condition.

The trial court initially stated in a letter that he would deny the motions to dismiss, but he then granted the defendants' motions to reconsider and vacated the letter. The court then denied the motions to dismiss without stating a reason. Thus, the trial court did not impose the condition of which defendants complain. We do not address the issue because our opinion would be an advisory opinion on an abstract question of law that would not bind the parties. *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 307 (Tex.2007).

### III. Conclusion

When all section 71.051(b) factors in a case favor the conclusion that an action or claim would be more properly held in a forum outside Texas, as they do here, the

4. One defendant, Spence Engineering, initially argued only for dismissal of the claims against it, but later adopted and joined another defendant's motion to dismiss the "Plaintiff's claims." Zy–Tech Global Indus-tries argued that section 71.051 factors "compel dismissal of Plaintiffs' action or, in the alternative, dismissal of their claims against Zy–Tech."

statute requires the trial court to grant motions requesting that it decline to exercise its jurisdiction. The trial court's denial of the relators' motions to dismiss violated the forum non conveniens statute and was an abuse of its discretion. We conditionally grant the petition for writ of mandamus and direct the trial court to grant the relators' motions. The writ will issue only if the trial court fails to comply.

Justice O'NEILL did not participate in the decision.