Issued on January 20, 2009
















In The
Court of Appeals
For The
First District of Texas

 ____________________

NO. 01-08-00656-CV

 ____________________

IN RE OMEGA PROTEIN, INC., Relator









Original Proceeding on Petition for Writ of Mandamus









O P I N I O N




          This proceeding arises from a personal injury sustained by George Matthews,
the real party in interest, alleged to have occurred during his employment at sea off
the Virginia coast. His employer, Omega Protein, Inc. (“Omega”), the relator, seeks
mandamus relief, requesting that we order the trial court to dismiss the underlying
suit for re-filing in Virginia.


 Omega contends that the trial court’s failure to dismiss
the case based on forum non conveniens and a contractual forum selection clause
constitutes an abuse of discretion. We conclude that, under the holdings of the
United States Supreme Court in Gulf Oil and the Supreme Court of Texas in In re
General Electric, the trial court must dismiss the case for forum non conveniens.


 
Accordingly, we conditionally grant mandamus relief.


 
BACKGROUND

          In 2006, George Matthews entered a maritime employment agreement with
Omega to work as a ring-setter aboard a fishing vessel owned and operated by
Omega. The employment agreement included a forum selection clause, which states
that the parties are “irrevocably” bound to bring any lawsuit between them in any
state or federal court in Virginia, and that they consent and submit to jurisdiction in
Virginia.
          Matthews is a resident of Newport News, Virginia, and worked exclusively on
fishing vessels that operated out of Omega’s facility in Virginia. He completed the
2006 fishing season without reporting any on the job accident or injury. Upon
returning for the 2007 season, Matthews underwent a physical examination, and a
doctor declared him fit for duty. Before resuming work in 2007, Matthews signed a
second employment agreement, with a forum selection clause identical to that
executed in 2006. 
          In January 2008, Matthews sued Omega in Harris County District Court for
negligence and gross negligence “under the Jones Act and/or the general maritime
law of the United States.” In the suit, Matthews alleges that a fellow employee
injured him in 2006 while aboard the F/V Lancaster. The Lancaster operates
exclusively out of Virginia. Before filing his suit, Matthews received all of the
medical treatment for his injuries in Virginia. After filing the lawsuit, Matthews
sought additional medical treatment from Texas physicians, though he continues to
reside in Virginia. 
          Omega moved to dismiss the suit for re-filing in Virginia based upon the forum
selection clause and forum non conveniens. Matthews responds that venue is proper
in Harris County because Omega’s principal office is in Houston, Texas. The trial
court denied the motion to dismiss. Omega seeks mandamus relief to direct the trial
court to vacate its order and to order the trial court to dismiss the underlying suit for
re-filing in Virginia. 
DISCUSSION
A.      Standard of Review
 Mandamus is appropriate to remedy an improper denial of a motion to dismiss
for forum non conveniens. See In re Pirelli Tire, L.L.C., 247 S.W.3d 670, 679 (Tex.
2007). Both state and federal courts have jurisdiction to resolve Jones Act lawsuits. 
See Magnolia Marine Transp. Co. v. LaPlace Towing Corp., 964 F.2d 1571, 1575
(5th Cir. 1992). “When a state court hears an admiralty case, that court occupies
essentially the same position occupied by a federal court sitting in diversity: the state
court must apply substantive federal maritime law but follow state procedure.” 
Maritime Overseas Corp. v. Ellis, 971 S.W.2d 402, 406 (Tex. 1998). Texas state
courts employ the federal standard for analyzing forum selection clauses; thus, our
analysis under federal law is substantively similar to state law, and we apply Texas
procedural rules. See Michiana Easy Livin’ Country, Inc. v. Holten, 168 S.W.3d 777,
793 (Tex. 2005). B.      Forum Non Conveniens
          Omega contends that the trial court abused its discretion by failing to follow
the procedure set forth in section 71.051 of the Texas Civil Practice and Remedies
Code. Section 71.051 states:
If a court of this state, on written motion of a party, finds that in the
interest of justice and for the convenience of the parties a claim or action
to which this section applies would be more properly heard in a forum
outside this state, the court shall decline to exercise jurisdiction under
the doctrine of forum non conveniens and shall stay or dismiss the claim
or action. In determining whether to grant a motion to stay or dismiss
an action under the doctrine of forum non conveniens, the court shall
consider whether: 
 
(1) an alternate forum exists in which the claim or action may be tried;
 
(2) the alternate forum provides an adequate remedy;
 
(3) maintenance of the claim or action in the courts of this state would
work a substantial injustice to the moving party;
 
(4) the alternate forum, as a result of the submission of the parties or
otherwise, can exercise jurisdiction over all the defendants properly
joined to the plaintiff’s claim;
 
(5) the balance of the private interests of the parties and the public
interest of the state predominate in favor of the claim or action being
brought in an alternate forum, which shall include consideration of the
extent to which an injury or death resulted from acts or omissions that
occurred in this state; and
 
(6) the stay or dismissal would not result in unreasonable duplication or
proliferation of litigation. 
 
Tex. Civ. Prac. & Rem. Code Ann. § 71.051(b) (Vernon 2008). In 2003, the
Legislature amended section 71.051. See id. historical note. The prior version
provided that a Texas case brought by a United States resident “may” be stayed or
dismissed under the doctrine of forum non conveniens. Act of May 27, 1997, 75th
Leg., R.S. ch. 424, § 1, 1997 Tex. Gen. Laws 1680; In re Gen. Elec., 52 Tex. Sup. Ct.
J. 167, 168 2008 WL 5105255, at *3 (Tex. Dec. 05, 2008). The amended statute
provides that a trial court “shall” dismiss a claim or action if the court finds it would
be more properly heard in a forum outside Texas. Act of June 2, 2003, 78th Leg.,
R.S., ch. 204, § 3.04, 2003 Tex. Gen. Laws 847, 854; Gen. Elec., 2008 WL 51052255,
at *3. 
          The Texas statutory factors echo the doctrine of forum non conveniens factors
that the United States Supreme Court applied in Gulf Oil Corp. v. Gilbert. 330 U.S.
501, 508, 67 S. Ct. 839, 843 (1947). Gulf Oil instructs courts to consider the
following private interests of the parties: the relative ease of access to sources of
proof; the availability of compulsory process for attendance of unwilling witnesses,
and the cost of obtaining willing witnesses; the possibility to view the premises, if
viewing would be appropriate to the action; the enforceability of a judgment if one
is obtained; and all other practical problems that make trial of a case easy,
expeditious, and inexpensive. Id. Gulf Oil also requires courts to consider the
following public interests: administrative difficulties caused by litigation not handled
at its origin; jury duty imposed upon people of a community that has no relation to
the litigation; local interest in having localized controversies decided at home; and
appropriateness of having a trial in a diversity case in a forum that is familiar with the
state law that must govern the case, rather than having a court in another forum
untangle problems in conflict of law and in law that is foreign. Id. at 508–09, 67 S.
Ct. at 843. 
          Forum non conveniens “has always afforded great deference to the plaintiff’s
forum choice.” Pirelli Tire, 247 S.W.3d at 675. But the doctrine “generally affords
substantially less deference to a nonresident’s forum choice.” Id. Dismissal based
on forum non conveniens is appropriate “when there are sufficient contacts between
the defendant and the forum state to confer personal jurisdiction upon the trial court,
but the case itself has no significant connection to the forum.” Id. 
          We apply the Texas doctrine of forum non conveniens to determine whether
this Jones Act case may proceed in a Texas state court. American Dredging Co. v.
Miller, 510 U.S. 443, 453–54, 114 S. Ct. 981, 988 (1994) (holding that the Jones Act
does not preempt state law in applying the doctrine of forum non conveniens, and thus
state law governs). As a state court applying federal substantive law, we review the
Gulf Oil and the statutory factors to determine whether dismissal is mandatory under
the procedure set forth in section 71.051. See id. 
          Adequate Alternate Forum
          Matthews concedes that Virginia is an adequate alternate forum. Specifically,
he acknowledges that Virginia is a forum in which his claim may be tried; Virginia
provides an adequate remedy; and Virginia can exercise jurisdiction over the parties. 
Because the parties do not dispute that Virginia is an adequate alternate forum, we
proceed to the factors in contention.
          Private Interests
          The private factors are: relative ease of access to sources of proof; availability
of compulsory process for attendance of unwilling witnesses, and the cost of
obtaining willing witnesses; the possibility of viewing the premises; enforceability
of any judgment obtained; and all other practical problems that make trial of a case
easy, expeditious, and inexpensive. Gulf Oil, 330 U.S. at 508, 67 S. Ct. at 843. 
          Omega contends that all of the private-interest factors favor the forum of
Virginia, and we agree. First, we factor the relative ease of access to sources of
proof. It is undisputed that the incident made the basis of this suit occurred off the
Virginia coast. Prior to filing suit in January 2008, Matthews received all of his
medical treatment, including his October 2007 surgery, in Virginia. Matthews lives
in Virginia. All original documents relating to the F/V Lancaster are in Virginia. The
vessel itself, which Matthews contends in his original petition is “unseaworthy,”
operates exclusively out of Omega’s facility in Virginia. When the F/V Lancaster
comes to port, it docks in Reedville, Virginia. Matthews did not receive any
treatment from physicians in Texas until after filing the underlying lawsuit, more than
one and a half years after his injury. With the exception of the records of Matthews’s
Houston physicians, the ease of access to proof factor heavily favors Virginia as the
appropriate forum. 
          Next, we weigh the availability of compulsory process. With the exception of
one crew member from North Carolina, Matthews and all of the other crew members
aboard the F/V Lancaster at the time of Matthews’s injury resided in Virginia. All of
Omega’s land-based personnel responsible for the manning, operation, and
maintenance of the F/V Lancaster are based in Virginia. According to evidence
offered at the hearing, “[t]he persons with the most knowledge of Omega Protein’s
safety policy and procedures, and payment of maintenance and cure, are located in
Omega Protein, Inc.’s offices in Reedville, Virginia.” Compulsory process is
unavailable to require attendance at a Texas trial by Virginia witnesses. See Gen.
Elec., 2008 WL 51052255, at *8 (citing Tex. R. Civ. P. 176.3). Although neither
party indicates whether the Virginia witnesses are willing or unwilling to testify in
Texas, the Texas Supreme Court has observed that it is unnecessary to specify which
witnesses and evidence are unavailable “in a case such as this where the practical
problems of trying a personal injury case hundreds of miles from the scene of the
occurrence, the place where the lay witnesses reside, and where most other evidence
is located is manifest.” Id.; see also Berg v. AMF Inc., 29 S.W.3d 212, 218 (Tex.
App.—Houston [14th Dist.] 2000, no pet.) (“Because the majority of witnesses in this
case are located in Canada, neither side would be able to obtain compulsory process
for attendance of unwilling witnesses, and the cost of obtaining attendance of willing
witnesses could be prohibitive. Thus, the appellees have met their burden by
demonstrating this private interest favors a Canadian forum.”). 
          As to the other factors, because Matthews asserts that the ship upon which he
was injured is “unseaworthy,” any inspection of the ship would take place at its
Virginia port. Matthews does not contest Omega’s assertion that any judgment
entered against it in Virginia would be enforceable against it because it possesses a
principal office and operations there. Finally, because he and the other potential lay
witnesses are Virginia residents, Matthews cannot logically claim that it is easier for
him to litigate in Texas than in Virginia. Although we do not determine the
enforceability of the forum selection clause, we nonetheless note that it is some
evidence of the parties’ expectations that any suit would be brought in Virginia. On
balance, the private interest factors strongly favor the forum of Virginia. 
          Public Interests
          The public factors for determining forum non conveniens are: administrative
difficulties caused by litigation not handled at its origin; jury duty imposed upon
people of a community that has no relation to the litigation; local interest in having
localized controversies decided at home; and interest in having a diversity case tried
in a forum that is familiar with the law that must govern the action. Gulf Oil, 330
U.S. at 508–09, 67 S. Ct. at 843. 
          Omega does not provide evidence of any administrative difficulties that might
confront a Texas court. Additionally, interest in having a diversity case tried in a
forum that is familiar with the law governing the action is a neutral factor because
both Texas and Virginia will apply federal Jones Act law. Ellis, 971 S.W.2d at 406.
The remaining public interest factors, however, weigh in favor of dismissal. The suit
does not involve a local dispute. Matthews’s injury has no meaningful connection
to Harris County or to Texas. The suit before us involves a Virginia employee
regarding a personal injury that allegedly occurred on a vessel operating exclusively
out of Virginia. The day-to-day operations of the F/V Lancaster were controlled by
the crew of the vessel, all of whom were employees of Omega based in Virginia. 
None of the crew was a Texas resident. In Gulf Oil, the United States Supreme Court
determined in similar circumstances that dismissal for forum non conveniens was
appropriate. 330 U.S. at 503, 509, 67 S. Ct. at 840, 843 (“When sued in New York,
the defendant, invoking the doctrine of forum non conveniens, claimed that the
appropriate place for trial is Virginia where the plaintiff lives and defendant does
business, where all events in litigation took place, [and] where most of the witnesses
reside . . . . The plaintiff himself is not a resident of New York, nor did any event
connected with the case take place there, nor does any witness with the possible
exception of experts live there.”). Similarly, in this case the only potential Texas
witnesses are experts retained after suit was filed. 
          Recently, the Texas Supreme Court confirmed that the presence of a corporate
headquarters is an insufficient basis for keeping a nonresident’s suit in Texas when
all of the other factors favor another forum. In In re General Electric, a Maine
resident, alleging asbestos exposure, sued numerous companies in Texas. 2008 WL
51052255, at *1. The exposure occurred in Maine, and the plaintiff had “never lived
or worked in Texas.” Id. Similar to Matthews, who sued in Texas because Omega
has its headquarters in Texas, the plaintiff in General Electric sued in Texas based
upon the fact that three of the defendant companies were headquartered in Texas. Id. 
After noting that section 71.051 affords courts much less discretion when deciding
whether to dismiss a suit than its 2002 predecessor, the court analyzed the six
statutory factors and determined that the suit belonged in Maine, the presence of
corporate headquarters notwithstanding. Id. at 3–4, 10. On balance, we too hold that
Virginians possess a greater interest in this dispute than do Texans, and the public
factors favor a Virginia forum. 
          Duplication of Litigation
          Omega asserts that dismissal of the suit will not result in unreasonable
duplication or proliferation of litigation. Because the parties have not engaged in
extensive discovery on the merits or presented motions relating to subjects other than
dismissal, this factor too weighs in favor of Omega.
          Substantial Injustice
          Omega lastly contends that maintenance of Matthews’s claim in a Texas court
would work a substantial injustice to it. Matthews points to two Texas connections:
post-suit medical treatment and Omega’s Houston presence. But governing caselaw
has found neither to be adequate to defeat a motion to dismiss for forum non
conveniens when the plaintiff, the witnesses, the incident scene, and the documents
are all found in the same alternative forum, and the defendant has a presence there,
too. See Gulf Oil, 330 U.S. at 503, 67 S. Ct. at 840; Gen. Elec., 2008 WL 51052255,
at *8. Because we have determined under Gulf Oil that the private and public
interests weigh in favor of a Virginia forum, we also determine that a substantial
injustice will occur if this suit proceeds in a Texas court, given the availability of a
Virginia court.
* * *
          We hold that an analysis incorporating the Gulf Oil factors strongly favors a
Virginia forum, where the plaintiff and the witnesses live, the documents are housed,
and the fishing vessel alleged to be unseaworthy docks. Like the statutory factors,
when the Gulf Oil factors in a case “favor the conclusion that an action or claim
would be more properly held in a forum outside Texas . . . [it] requires the trial court
to grant motions requesting that it decline to exercise its jurisdiction.” Gen. Elec.,
2008 WL 51052255, at *10. Accordingly, we hold that the trial court erred in
denying Omega’s motion to dismiss. Because an adequate remedy by appeal does not
exist when a motion to dismiss for forum non conveniens is erroneously denied,
mandamus relief is appropriate. Pirelli Tire, 247 S.W.3d at 679.CONCLUSION
          We conditionally grant the petition for writ of mandamus and direct the trial
court to grant Omega’s motion to dismiss this suit based on forum non conveniens. 
The writ will issue only if the trial court fails to comply. All pending motions are
overruled as moot. 
 
                                                                       Jane Bland
                                                                        Justice


Panel consists of Justices Jennings, Bland, and Hudson.