# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00617-CV

### In re Ford Motor Company

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### M E M O R A N D U M   O P I N I O N

This original proceeding arises from a lawsuit filed in Dallas by a Tennessee couple, Ken and Sherlyn Melton, seeking recovery for property damage from a fire that originated in the Meltons' Ford pickup truck while it was parked in the driveway of their Tennessee home. The Meltons alleged that the fire ignited due to defects in a cruise-control deactivation switch and/or one of the switch's components, Kapton, a Teflon-coated polymer film. The Meltons sued Ford, Texas Instruments, Inc. (the switch's manufacturer), and E.I. DuPont de Nemours and Company (the manufacturer of Kapton), alleging products-liability theories. Ford successfully sought to have the Meltons' suit transferred to an MDL pretrial judge and consolidated with several similar suits pending against Ford in Texas state court. *See* Tex. R. Jud. Admin. 13.3, 13.5. The MDL panel transferred the cases to the 53rd Judicial District Court of Travis County. Ford then filed a motion to dismiss the Meltons' suit under the common-law forum-non-conveniens doctrine, urging that the suit should instead be brought in Tennessee. *See In re Pirelli Tires*, 247 S.W.3d 670, 675 (Tex. 2007) (forum-non-conveniens doctrine authorizes a trial court to decline to exercise jurisdiction when "for the convenience of the litigants and the witnesses and the interest of justice,

the action should be instituted in another forum"). Following a hearing, the district court denied Ford's motion. Ford subsequently filed a petition for writ of mandamus to compel the district court to withdraw its order and grant Ford's motion.[1]

Although there are no findings of fact and conclusions of law specifying the grounds for the district court's ruling, the reporter's record from the hearing reveals a primary concern with whether Ford had produced any evidence that its access to Tennessee witnesses and evidence would be restricted or burdened if trial was held in Texas. *See Pirelli Tires*, 247 S.W.3d at 676-77 (describing the "private interest" factors that, among others, inform application of the forum-non-conveniens doctrine) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Ford presented evidence that all of the witnesses to the fire and the damages it caused resided in Tennessee, that the pickup and all components at issue were manufactured and designed outside of Texas, and that no witness in the case resided in Texas. However, Ford did not present evidence that any specific Tennessee witnesses would refuse to testify voluntarily in a Texas trial or that it could not obtain their testimony through other means, such as depositions. *Cf. id.* at 678-79 (emphasizing that "several critical" Mexican fact witnesses "have refused to be deposed" in Texas); *In re Williams Gas Processing Co.*, No. 14-07-01026-CV, 2008 Tex. App. LEXIS 701, at *4-5 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (mem. op.) (holding that movant could not show abuse of discretion in denial of forum-non-conveniens motion when it did not present evidence whether Wyoming fact witnesses "will testify voluntarily in Texas; whether it would be burdensome to or inconvenient

---

[1] Each of Ford's co-defendants, DuPont and TI, has taken no position regarding either Ford's forum-non-conveniens motion or its mandamus petition.

2

for any witness to travel to Texas; the cost of obtaining those witnesses' presence in Texas; and difficulty in accessing sources of proof") (citing *Lee v. Na*, 198 S.W.3d 492, 495 (Tex. App.—Dallas 2006, no pet.)). After Ford filed its mandamus petition in this Court, the Texas Supreme Court issued an opinion that clarified the burden of proof on these types of issues. *In re General Elec. Co.*, 271 S.W.3d 681, 689-90 (Tex. 2008) (emphasizing that "the evidence and witnesses relevant to the issue of Richards's asbestos exposure and his damages are outside the subpoena power of Texas courts," and holding that movants were not required to prove that it was "impossible" to defend the suit without that evidence or to "identify any specific witness or evidence they are unable to obtain"); *id.* at 691 ("detail regarding which witnesses would be called and what evidence would be unavailable is not necessary in a case such as this where the practical problems of trying a personal injury case hundreds of miles from the scene of the occurrence, the place where the lay witnesses reside, and where most other evidence is located is manifest."). *General Electric* also has potential implications for another issue of apparent concern to the district court at the hearing—the singular significance of the fact that TI's corporate headquarters are located in Dallas. *See id.* at 684 (granting mandamus relief compelling forum-non-conveniens dismissal even while three of twenty-one defendants were headquartered in Texas).

As a threshold matter, the Meltons urge that we should disregard *General Electric* because that case was governed by the Texas forum-non-conveniens statute, while this case is governed by the common-law forum-non-conveniens doctrine. *See id.* at 685-87 (discussing Tex. Civ. Prac. & Rem. Code Ann. § 71.051(b) (West 2008)); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 71.051(i) (West 2008). We are not persuaded that *General Electric* has no application here.

3

As the supreme court explained in *Pirelli Tires*, the Texas forum-non-conveniens statute incorporates the common-law *Gulf Oil* framework of "private-interest" and "public-interest" factors. *Pirelli Tires*, 247 S.W.3d at 675-77 (discussing *Gulf Oil*, 330 U.S. at 508)); *see also General Elec.*, 271 S.W.3d at 689, 691-92 (applying *Gulf Oil* factors when analyzing statutory factors of whether maintaining the claim in Texas would work a "substantial injustice to the moving party," Tex. Civ. Prac. & Rem. Code Ann. § 71.051(b)(3), and whether "the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternative forum," *id*. § 71.053(b)(5)).[2]  In fact, *General Electric*'s holdings regarding the movant's burden as to its access to out-of-state witnesses and evidence were stated in terms of the *Gulf Oil* factors. 271 S.W.3d at 689-92.  Consequently, these holdings must guide application of the common-law forum-non-conveniens doctrine that governs here.[3]

The district court did not have the benefit of *General Electric*'s guidance when considering the factors guiding its ruling on Ford's forum-non-conveniens motion.  Nor did the parties when making an evidentiary record in support of or opposition to Ford's motion.  Under the circumstances here, we believe that the parties should have an opportunity to re-evaluate what they need vis-a-vis an evidentiary record and that the district court should have the opportunity to reconsider the motion to dismiss in light of *General Electric*.  Accordingly, we deny Ford's petition for writ of mandamus without prejudice.  *See In re Van Waters & Rogers, Inc.*, 988 S.W.2d 740, 741

---

[2] We also observe that prior to the *General Electric* decision, the Meltons, citing *Pirelli Tire*, took the position that "the same principles apply to both statutory and common law forum non conveniens."

[3] We express no opinion, however, regarding any other grounds the Meltons might later assert for distinguishing *General Electric* from this case.

4

(Tex. 1998) (orig. proceeding) (per curiam); *In re Baylor Medical Center*, 134 S.W.3d 359, 359

(Tex. App.—Waco 2003, orig. proceeding).

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed:   March 6, 2009