# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00544-CV

The Texas Department of Public Safety, Appellant

v.

Lori Trigo, Appellee

FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
NO. 37424, HONORABLE GUILFORD L. JONES III, JUDGE PRESIDING

# M E M O R A N D U M   O P I N I O N

Lori Trigo filed a petition seeking to expunge records relating to her arrest for a class B misdemeanor offense of theft by check. Over the opposition of the Texas Department of Public Safety ("DPS") and the State, the district court granted expunction. The DPS appeals contending in one issue that Trigo failed to present legally sufficient evidence that she received "no court ordered community supervision under [Texas Code of Criminal Procedure] Article 42.12," a statutory requirement for expunction of a class B misdemeanor. *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 3010, 3019-20 (amended 2011) (current version at Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 2012)).[1] We will reverse the trial court's expunction order and render judgment denying the petition for expunction.

---

[1] We will cite to the version of the statute that was in effect when Trigo filed her petition for expunction and when the trial court signed the expunction order.

## BACKGROUND

Trigo was arrested and subsequently charged with the misdemeanor offense of theft by check. She pleaded guilty to the charge and received nine months' deferred adjudication with a fine and court costs. After Trigo served the term of deferred adjudication, the charge was dismissed. Trigo then sought to expunge the records relating to her arrest. The trial court granted her petition and ordered the records expunged. The DPS challenges this order on the ground that Trigo failed to meet her burden of presenting legally sufficient evidence that she had not received court-ordered community supervision for purposes of paragraph B of code of criminal procedure article 55.01(a)(2) and therefore expunction was precluded.

## STANDARD OF REVIEW

We review a trial court's order granting or denying expunction for abuse of discretion. *See Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 658 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding principles. *In re General Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008). A trial court also abuses its discretion if it misinterprets or misapplies the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

When reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). We will sustain a legal sufficiency complaint if the record reveals: (1) the complete absence of a vital fact; (2) the court is barred by rules of law

2

or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810.

## DISCUSSION

Trigo sought expunction pursuant to article 55.01 of the code of criminal procedure, which at all relevant times provided in pertinent part:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . . .
>
> (2)  each of the following conditions exist:
>
> (A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:
>
>> (i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or
>>
>> (ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;
>
> (B)  the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor*; and

3

(C)  the person has not been convicted of a felony in the five years preceding the date of the arrest.

Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 3010, 3019-20 (amended 2011) (emphasis added).  In this appeal, the DPS challenges only whether Trigo met her burden of establishing the requirement in section 55.01(a)(2)(B) that there was "no court ordered community supervision under Article 42.12" for the class B misdemeanor.  *See Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 679 (Tex. App.—Austin 2010, no pet.) (under article 55.01(a)(2)(B), party seeking expunction has burden of adducing legally sufficient evidence that trial court did not impose court-ordered community supervision).

In her petition for expunction, Trigo alleged that she "has been released from said arrest and said charge has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Texas Code of Criminal Procedure article 42.12."  The DPS filed a responsive pleading that included an "affirmative defense" that disputed whether Trigo could satisfy the requirement that she had not received "court ordered community supervision under Article 42.12."  The DPS attached copies of documents from Trigo's criminal proceeding including the "Deferred Judgment."  The judgment reflects that Trigo pleaded guilty to the offense of theft by check and that the court "deferred all further proceedings without an adjudication of guilt."  The judgment also reflects that the court placed Trigo on "community supervision under the terms of the Texas Misdemeanor Probation law for a period of nine months" under certain specified terms and conditions.  Those terms and conditions included that Trigo:  (1) commit no offense against the laws of the State; (2) avoid "injurious or vicious habits as well as persons or places of disreputable or

4

harmful character"; (3) work faithfully at suitable employment so far as possible; (4) report any new arrests "received while on probation to the Probation Officer within 72 hours"; (5) pay restitution, a fine, and court costs; (6) abstain from the use of alcoholic beverages; (7) submit to urinalysis and/or chemical blood or breath testing as directed by the Probation Department. The judgment also stated that, "This probation is unsupervised so long as all other conditions of probation are met."

The issue in this appeal, then, is whether the terms of the deferred-adjudication judgment imposed court-ordered community supervision under Article 42.12 such that Trigo is not entitled to expunction of the records. Texas courts have uniformly held that court orders that impose deferred adjudication impose "court ordered community supervision under Article 42.12" within the meaning of article 55.01(a)(2), at least when the order imposes one or more of the "conditions" under article 42.12, section 11. *See Nail*, 305 S.W.3d at 681 (collecting cases). The "conditions" for "community supervision" are addressed primarily in section 11 of article 42.12, which requires that "[t]he judge of the court having jurisdiction of the case shall determine the conditions of the community supervision." Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (West Supp. 2012). Section 11 further provides that "[t]he judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." *Id.* Such conditions specifically "may include, but shall not be limited to," conditions that the defendant shall "commit no offense against the laws of this State or of any other State or of the United States," shall "pay the defendant's fine, if one be assessed, and all court costs," *id.* art. 42.12, § 11(a)(1), (8), and numerous others. Because Trigo's deferred-adjudication judgment

5

included many of the conditions enumerated in section 11, it constituted "community supervision" under article 42.12. *See Nail*, 305 S.W.3d at 681.

At the expunction hearing, counsel for Trigo argued that there was no court-ordered community supervision because the deferred-adjudication judgment expressly stated that the probation was to be "unsupervised." Therefore, in his view, it "would fall more in line with a pretrial diversion" and was not community supervision under article 42.12.[2] This Court has previously held, however, that "although section 11 of article 42.12 authorizes a court to impose conditions requiring active or literal supervision by the State, 'court ordered community supervision under Article 42.12' is not limited to and does not require such conditions." *Nail*, 305 S.W.3d at 683. Therefore, the mere fact that Trigo did not have to "report" to anyone during the nine-month deferred-adjudication period does not mean that her deferred judgment did not impose "community supervision" under article 42.12. It did. Consequently, there is legally insufficient evidence to support a finding of "no court ordered community supervision under Article 42.12." *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 3010, 3019-20 (amended 2011). Because Trigo did not meet her burden as to this statutory requirement for expunction pursuant to article 55.01(a)(2), the district court abused its discretion in granting Trigo's expunction petition. We sustain the DPS's appellate issue.

---

[2] Trigo did not file an appellate brief.

## CONCLUSION

Having sustained the DPS's sole appellate issue, we reverse the trial court's judgment and render judgment that Trigo's petition for expunction is denied. In addition, pursuant to the DPS's prayer for relief, we order that all relevant documents that have been turned over to the district court, or to Trigo or her counsel, be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Reversed and Rendered

Filed: December 19, 2012

7