81,318-02

May 30, 2015

HONORABLE ABEL ACOSTA
Clerk, Court of Criminal Appeals
P.O. Box 12308, CAPTIOL STATION
Austin, Texas 78711

RE: EX PARTE ALBIN ADALIN ZELAYA-ZELAYA
    Writ NO._____
    (Trial Court Cause NO. 1089402-B)
    180th Judicial District Court
    HARRIS COUNTY, TEXAS
    ON APPLICATION FOR A WRIT OF HABEAS CORPUS, ART. 11.07, TCCP

Dear Mr. Acosta:

Enclosed please find original set of my pro se APPLICANT'S
PRELIMINARY BRIEF, REQUESTING THE COURT ORDER APPLICATION
FILED AND SET FOR SUBMISSION ON IMPORTANT ISSUES PRESENTED
IN CASE. Please file said brief with the papers in the above
entitled and styled writ and present the same to the Judges
of the Court.

Take note that I am not including your "WRIT NO" assigned to
the writ case, because I have not been notified my case was
received and presented to the Court, from the trial judge's
signing of the order denying the writ on April 1, 2015. Please
indicate the writ number, as assigned to the case by your
office, to my pleading.

By copies of this cover letter, a copy of said APPLICANT'S
PRELIMINARY BRIEF is this day also being served on opposing counsel
of record as indicated in the CERTIFICATE OF SERVICE at page
18 of the instrument, as indicated below.

Thank you for your time and prompt attention to this matter.
And, please acknowledge receipt of said instrument and send
me your "writ number" assigned to my case. I remain,

Very truly yours,

/s/ ALBIN ADALIN ZELAYA-ZELAYA
ALBIN ADALIN ZELAYA-ZELAYA

TDCJ-CID NO. 1561950
Coffield Unit
Rt. 1, Box 150
Tennessee Colony, Texas 75884
APPLICANT PRO SE
aazz:ipp
CC: MS. LISA C. McMINN
    STATE PROSECUTING ATTORNEY
    P.O. Box 12405 CAPITOL STATION
    Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 01 2015

Abel Acosta, Clerk

- MS. SHARON Y. CHU
  Assisatnt District Attorney
  Harris County, Texas
  1201 Franklin Street
  Houston, Texas 77002
  STATE HABEAS ATTORNEY BELOW

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS, AT AUSTIN

WRIT NO._____

EX PARTE ALBIN ADALIN ZELAYA-ZELAYA, APPLICANT

ON APPLICATION FOR A WRIT OF HABEAS CORPUS
TRIAL COURT CAUSE NO. 1089402-B
180TH JUDICIAL DISTRICT COURT
HARRIS COUNTY, TEXAS

APPLICANT'S PRELIMINARY BRIEF,
REQUESTING THE COURT ORDER APPLICATION FILED
AND SET FOR SUBMISSION ON IMPORTANT
ISSUES PRESENTED IN CASE

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

ALBIN ADALINNZELAYA-ZELAYA, hereinafter "Applicant," prays that the Court order his writ application filed and set for submission on one, or more of the important issues presented in his case, as follows:

## I.

## PROCEDURAL HISTORY OF THE CASE

On April 3-6, 2009 Applicant was found guilty and sentenced by the same jury to life imprisonment, and a $10,000.00 fine, and $550.00 court costs on five (5) counts of burglary of a habitation, assessed "concurrently" in cause number 1089402, in the 180th District Court, Harris County, Texas, with a deadly weapon finding. See WRIT RECORD.[1]

---

1. Reference hereinafter will be made to the "WRIT RECORD" on Applicant's "Writ Application," "Writ Exhibits" [A through I], the "State's Original Answer," the "State's Proposed Findings of fact, conclusions of law and order," as well as to the statement of facts VOLUMES 1 through 5, of his trial, as referenced in the body of his writ in support of his habeas claims, finding support in the trial court record below. Id.

The Fourteenth Court of Appeals-Houston affirmed Applicant's conviction on August 3, 2010, in Zelaya-Zelaya v. State, NO. 14-09-00346-CR, 2010 WL 3002101 (Tex.App.-Houston [14th Dist.]. This Court, thereafter, refused Applicant's PDR on January 21, 2011 in NO. PD-1195-10.

On May 14, 2014 in Ex Parte Zelaya-Zelaya, Writ NO. 81,318-01, this Court "dismissed" Applicant's first writ application as "non-compliant" with the provisions of RULE 73, TEX. RULES APP. PRO.

On March 4, 2015, Applicant re-filed his pro se writ application in compliance with RULE 73. Id. Then, on April 1, 2015 the trial court adopted the State's Proposed Findings of fact, conclusions of law and order, recommending this Court deny habeas relief, without ordering a response from trial counsel and without an evidentiary hearing. This habeas appeal ensued.[2]

## II.

### PARTIES INVOLVED

1. RICHARD GONZALES - Houston defense trial counsel.

2. CAROLINE DOZIER - Trial Court Assistant District Attorney.

3. HON. DEBORAH MANTOOTH STRICKLIN - Trial Judge.

4. ROBERT MORROW - Appellate counsel on appeal.

### ON HABEAS

5. ALBIN ADALIN ZELAYA-ZELAYA - Applicant pro se.

---

2. Although the habeas judge entered its findings on April 1, 2015, and ordered transmittal of the case to this Court, as of this date Applicant has not received notice from the Clerk of this Court that his case has been received and presented to the Court [the reason he does not yet know the writ number assigned to the case in this Court, not included here in the caption].

6. SHARON Y. CHU - State's Habeas Prosecuting Attorney.

7. UNKNOWN - Harris County Habeas Judge.

8. LISA C. McMINN - State Prosecuting Attorney-Austin.

## III.

## ISSUES PRESENTED FOR REVIEW

This Court should order Applicant's writ application filed and set for submission, on one or more of the issues presented, order the trial court to appoint licensed counsel to represent Applicant before this Court, order the parties to brief the issues, hold oral argument within 90 days of the order of the Court, as follows:

(1) whether, as a matter of first impression in this Court, the jury verdict of guilty of "burglary of a habitation with intent to commit aggravated assault and/or robbery, as charged in the indictment" is violative of the "Stromberg rule" in Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532 (1931), where the Double Jeopardy Clause forbids trial, conviction and multiple punishments for the same offense, against the same complainant during the same criminal episode, where the verdict reached in this case rested exclusively on a provision of the Texas and United States Constitutions fordibs, requiring the entire verdict be set aside without regard to any harm analysis, nor the general rule of retaining the most serious offense and setting aside the other conviction, a double-jeopardy jurisprudence rule that is contrary to Stromberg, and the Fifth Amendment, U.S. Constitution.

(2) whether this Court should apply the traditional deference habeas standard to the habeas court's findings of fact, conclusions of law, where State habeas prosecuting attorney deliberately and unethically distorted, mischaracterized and altered Applicant's habeas claims, and the habeas court's findings, and conclusions of law rest on such distortions of fact and law, and are not therefore supported by the record on Applicant's clear and concise claims raising double jeopardy, racially discriminatory entrapment "sting operation," false impressions testimony, and ineffective assistance of counsel requiring reversal and remand to the trial court for resolution of Applicant's true constitutional claims.

(3) whether State habeas prosecuting attorney MS. SHARON Y. CHU'S Texas Bar I.D.. #24051950 sharp "Machiavellian" pleading practice and her flagrant distortions, mischaracterizations, and alterations of Applicant's clear and concise habeas claims not subject to misinterprepation, constitutes professional unethical conduct by a member of the Bar that should be

3.

sanctionable and referred to the State Bar Grievance Committee for further investigation by this Court.

(4) whether in adopting the State's habeas prosecuting attorney's distorted, mischaracterized, and altered Applicant's habeas constitutional claims, as proposed by the State in the proposed findings of fact, conclusions of law and in the absence of independent inquiry by the habeas judge, taken together, constitutes constitutionally inadequate habeas procedures, deprivation of "protected liberty interests" not to be deprived of liberty without due process of law, and traditional principles at common law guiding the GREAT WRIT, all amount to unlawful suspension of the GREAT WRIT in violation of the Texas Habeas Corpus Reform Act of 1995, Article 11.07, TEXAS CODE OF CRIMINAL PROCEDURE, Article I, Section 12, Texas Constitution, and Article I, Section 9, Clause 2, U.S. Constitution that should not be condoned by the Court otherwise the GREAT WRIT would be meaningless.

IV.
A.
ISSUES NUMBER ONE (RESTATED)
(Double Jeopardy and the Stromberg Rule)

Applicant's "GROUND ONE" at page 6, WRIT APPLICATION, raises a clear and concise double jeopardy multiple punishments claim, not subject to misinterpretation, in alleged violation of the double jeopardy principles and protections of both the Texas and United States Constitutions, and the application of the "Stromberg Rule," as a matter of first impression in this Court. Id. Applicant asserts that he was illegally tried, convicted and suffered multiple punishments on a five (5) count indictment of burglary of a habitation for the "same offense" allegedly invovling the same victim during the same criminal episode, with affirmative deadly weapon findings on all counts, as charged in the indictment. See APPLICANT'S WRIT EXHIBIT "A" - INDICTMENT CAUSE NO. 1089402, WRIT RECORD. Id. The trial judge charged the jury disjunctively on all five (5) counts. EXHIBIT "B" - COURT'S CHARGE. The jury returned a "guilty verdict" on all counts in a general verdict holding: WE THE JURY FIND THE DEFENDANT ALBIN

4.

ADALIN ZELAYA-ZELAYA GUILTY OF BURGLARY OF HABITATION WITH THE INTENT TO COMMIT **AGGRAVATED ASSAULT AND/OR ROBBERY,** AS CHARGED IN **THE INDICTMENT.** (emphasis added); SEE EXHIBIT "B." On punishment, the same jury answered the SPECIAL ISSUE on affirmative deadly weapon finding saying: WE DO, as to that finding. See Ex Parte Hill, 208 SW 3d 462, 463 (Tex.Crim.App. 2006)("liberty interests" affected by affirmative deadly weapon finding). SEE EXHIBIT "C" - SPECIAL ISSUE CHARGE. The jury sentenced Applicant to life imprisonment, a $10,000.00 fine, and the trial judge added $550.00 in court costs in its JUDGMENT and SENTENCE, all to be runned "concurrently." SEE EXHIBTS "D" and "E." Id.

The gravamen of Burglary of a Habitation is the entry without the effective consent of the owner, with the requisite mental state, and is the "allowable unit of prosecution." Ex Parte Cavazos, 203 SW 3d 333, 335-37 (Tex.Crim.App. 2006). Moreover, this Court has noted that "aggravated assault" is a lesser included offense of "robbery," an assaultive offense. See e.g. Young v. State, 283 SW 3d 854, 862 (Tex.Crim.App. 2009)(robbery is an assaultive offense); Byrd v. State, 336 SW 3d 242, 251, n. 43 (Tex.Crim.App. 2011)(the unit of prosecution of the offense of robbery is the victim).

Further, in determining whether there have been multiple punishments for the "same offense," the Court applies the "same elements" test from Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180 (1932), as the starting point in the analysis of a multiple punishments double-jeopardy claim. See Ex Parte Ervin, 991 SW 2d 804, 807 (Tex.Crim.App. 1999)("[T]he Blockburger test cannot authorize two punishments where the legislature clearly intended only one"); accord, Gonzales v. State, 304 SW 3d 838, 845-46 (Tex.Crim.App. 2010).

5.

Under this Court's double-jeopardy jurisprudence, which has evolved dramatically and the subject of stern criticisms by judges of this Court, when resolving whether two crimes are the same for double jeopardy purposes, the Court will focus on the elements alleged in the charging instrument. Bigon v. State, 252 SW 3d 360, 310 (Tex. Crim.App. 2008). "[U]nder the cognate-pleadings approach adopted by this Court, double-jeopardy challenges should be made to offenses that have differing elements under Blockburger, if the same facts required are alleged in the indictment. Id. citing Hall v. State, 225 SW3d 524 (Tex.Crim.2007). See also KELLER, PRESIDING JUDGE, concurring opinion, in Ex Parte Denton, 399 SW 3d at 577 noting contradictory of decisions on double-jeopardy jurisprudence "not a model of clarity," citing Gonzales v. State, 8 SW 3d 640, at 642-43 (Tex.Crim.App. 2000) ); Gonzales, 8 SW 3d at 646 (MEYERS, PRICE, JOHNSON, dissenting arguing application of the "Stromberg rule" to applicant's double'jeopady claims, overruled in dicta by subsequent decision in Ex Parte Denton, 399 SW 3d 540 ).

In the case at bar, as plead in Applicant's five (5) count indictment, all charges alleged "aggravated assault" and/or "robbery" with "use of a deadly weapon." EXIBIT "A" - INDICTMENT. Thus, as plead, aggravated assault is a lesser-included offense of robbery because "it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." See Article 37.09(1), TEXAS PENAL CODE; Girdy v. State, 213 SW 3d 315, 319 (Tex.Crim.App. 2006). Further, there is no clear legislative intent to punish the offenses separately and trying, convicting and

6.

subjecting Applicant to multiple punishments in this case, with an "affiramtive deadly weapon finding," under Article 42.12§ 3(g), TEX. CODE CRIM. PRO., SEE EXHIBIT "E" - JUDGMENT OF CONVICTION BY JURY, Writ Record, Id., for the "criminal act" that is the subject of Applicant's prosecution is barred. See Ex Parte Cavazos, 203 SW 3d 333 (Tex.Crim.App. 2006)(convicting applicant of two counts of burglary of habitation in a single unlawful entry violated his rights under the 5th Amendment's Double Jeopardy Clause of U.S. Constitution). However, as a matter of first impression in this Court, as a general rule when a defendant is convicted of two offenses and those convictions violate double-jeopardy protections, the conviction for the most serious offense is retained, and the other conviction is set aside. Id. However, under Stromberg v. California, this Court must set aside the entire verdict in this case under the constitutional rule that, "[w]here a provision of the Constitution forbids conviction on a particular ground[here double jeopardy under the 5th Amendment], the constitutional guarantee is violated by a general verdict that may have rested on that ground [here the jury's guilty verdict "with intent to commit aggravated assault and/or robbery]. See also e.g. Morehead v. State, 807 SW 2d 577 (Tex.Crim.App. 1991)(reversing entire jury verdict, two count theories of conviction under Stromberg rule on possibility jury may have convicted appellant on unconstitutionally invalid charge, count as charged in indictment); See also Ex Parte Craves, 805 SW 790 (Tex.Crim.App. 1991)(applicant failed to establish jury's consideration on second count, and their ultimate verdict and

7.

sentence on that count contributed to the sentence imposed on count one); See also e.g. Mills v. Maryland, 486 U.S. 367, 375, 108 S.Ct. (1988); Zant v. Stephens, 462 U.S. 862, 103 S.Ct. 2733 (1983)(applying Stromberg rule).

"[W]hen a double-jeopardy violation has occurred, a writ of habeas corpus is a proper venue through which to challenge the error." Ex Parte Milner, 354 SW 3d 502, 522 (Tex.Crim.App. 2013). Habeas collateral review is appropriate, when, as in the case at bar, (1) the undisputed facts show the double-jeopardy violation clearly apparent on the face of the record (APPLICANT'S WRIT EXHIBITS A THROUGH I), and (2) when enforcement of usual rules of procedural default serve no legitimate state interest. Ex Parte Denton, 399 SW 540; KELLER, PRESIDING JUDGE, concurring opinion, in Ex Parte Denton, 399 SW 3d at 547-558 (noting conflicts in courts of appeals on double-jeopardy jurisprudence "[t]hat we need to address in an appropriate case" Id at 553).

Here, on the face of the record and APPLICANT'S WRIT EXHIBITS A (INDICTMENT), B (COURT'S CHARGE), C,, D, and E (JURY'S VERDICT, SPECIAL ISSUE/SENTENCE, JUDGMENT, SENTENCE), shows the double-jeopardy violation and applicant's convictions cannot stand under the Fifth Amendment, U.S. Constitution and the Stromberg rule in Stromberg v. California, 283 U.S. 359, 51 S.Ct. 532, on any count, as made applicable to the States by virtue of the Fourteenth Amendment in Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056 (1969).

8.

## B.

### ISSUE NUMBER TWO (RESTATED)
### (State's Misrepresentations of Claims and Deference)

This Court has stated that, "[o]n postconviction review of habeas corpus applications, the convicting court is the 'original factfinder,' and [this Court] is the ultimate factfinder." Ex Parte Chavez, 371 SW 3d 200, 207 (Tex.Crim.App. 2012). Although the Court will "generally defer to and accept the convicting court's findings of fact and conclusions of law," this Court may exercise its authority "to make contrary or alternative findings and conclusions" when its "independent review of the record reveals that the trial judge's findings and conclusions are not supported by the record." Id.(internal quotations marks and citations omitted); See also Ex Parte Flores, 387 SW 3d 626, 634-35 (Tex.Crim.App. 2012)(Court of Criminal Appeals acts as "the ultimate fact finder" when the lower court's findings "do not resolve the necessary factual issues").

In Ex Parte Reed, 271 SW 3d 690 (Tex.Crim.App. 2008) the Court grappled with the applicable standard of deference review owed the trial judge's factfindings and conclusions of law, where a few of the factfindings were either unsupported by the record, or appeared, in some fashion, to be misleading, after an evidentiary hearing held in the habeas court below, based on "conflicting testimony." Id. at 726. The Reed Court rejected "[a]ny type of litmus test for determining when and under what circumstances the level of overall deference may be affected by numerous unsupported findings and conclusions." Id at 728. Although after independent review of the Reed trial judge's findings of fact, the Court found "[a] select few of these findings"

9.

which were inconsistent with the record, or were "[s]omewhat misleading," but irrelevant to the court's resolution of the legal claims, and went on to adopt the trial judge's findings and conclusions and denied habeas relief to the applicant on his constitutional claims of actual innocence and suppression of evidence. Id. at 728-751. However, the Reed Court added:

> "[T]he case may arise where the nature and number of unsupported findings and conclusions may render the findings and conclusions wholly unreliable and beyond repair. Under such circumstances, we may elect to take it upon ourselves to conduct all of the factfinding and to issue a ruling explaining our application of the law to the facts. However, we note that it will be under only the rarest and most extrordinary of circumstances that we will refuse to accord any deference to the findings and conclusions as a whole."
> Ex Parte Reed, 271 SW 3d at 728.

The Court went on to be critical of the habeas procedures conducted in the court below, attributing said "inaccuracy" "[t]o the fact that the State generated the proposed findings and they are therefore wholly representative of the State's interpretation of the evidence," admonishing trial judges to act "[a]s a neutral arbiter" and to "[m]ore carefully scrutinize the State's proposed findings to ensure that they accurately reflect the evidence in the record before adopting them verbatim." Id. at 729. See also KELLER, PRESIDING JUDGE, concurring but disagreeing with portion of Court's opinion on issue of "deference," Ex Parte Reed, 271 SW 3d at 751-754.

In the case at bar, State's habeas attorney MS. SHARON Y. CHU not only distorted, micharacterized, and misrepresented, but altered Applicant's habeas claims to uproot them from their solid constitutional ground, to make the claims appear meritless not based on

10.

fact and law to serve the interests of the State. For example, in her "State's Original Answer" of March 20, 2015, she:

1. misrepresents and alters Applicant's clear and concise double-jeopardy claim to a "challenge to the form or substance of the indictment [is] deemed waived." STATE'S ORIG. ANSWER, pgs. 2-4; Compare with Applicant's GROUND ONE, pg. 6, WRIT APPLICATION, WRIT RECORD.

2. Applicant's racially discriminatory entrapment "sting operation," the false testimony claims were altered to make them appear to "allege illegal search and seizure and prosecutorial misconduct [.] because the probable cause statement appears incomplete." STATE'S ORIG. ANSWER, pgs. 4-9; Compare with Applicant's GROUND TWO, THREE, pgs. 8-10, WRIT APPLICATION, WRIT RECORD.

3. On Applicant's ineffective assistance of trial counsel multi-faceted claims (counsel's failure to investigate, failure to file pretrial motions, failure to object, failure to request appropriate jury instructions on duress and entrapment), the State inappropriately labeled said issues mere "issues of law" alone that did not require factual resolution, where trial counsel RICHARD GONZALES was not even required to submit an "affidavit" in response to these claims, and they remained unresolved. STATE'S ORIG. ANSWER, pgs. 5-12. Compare with Applicant's GROUND FOUR, pgs. 12-15, WRIT RECORD.

Thereafter, in causing further insult to injury, State's habeas prosecuting attorney MS. SHARON Y. CHU, then submits her "State's

11.

Proposed Findings of Fact, Conclusions of Law and Order," based on her unethical misrepresentations of fact and law, signed and adopted by the trial judge, blindly, distorting Applicant's valid and meritorious constitutional claims. Applicant's claims presented controverted, previously unresolved facts material to the legality of his confinement under Article 11.07, § 3(d), TEX. CODE CRIM. PRO. However, with her unethical twist of her "Machiavellian pen," approved and adopted by the rubber-stamp trial judge, State's habeas counsel disappeared Applicant's claims into thin air, and Applicant's factual and legal claims remain unresolved. This case is a case "[w]here the nature and number of unsupported findings and conclusions (have) rendered the findings and conclusions wholly unreliable and beyond repair." Ex Parte Reed, 271 SW 3d at 728; And, this is a case where this Court must "[r]efuse to accord any deference whatsoever to the findings and conclusions as a whole" for they are unsupported by the record as a whole, are incomplete and unreliable and are biased and deliberate and unethical misrepresentations committed by State's Habeas Prosecuting Attorney MS. SHARON Y. CHU and must not be allowed to stand, should the GREAT WRIT OF HABEAS CORPUS have any meaning, by the quick hand of the devious, michievous Assistant District Attorney of Harris County, Texas. See e.g. Ex Parte Torres, 951 SW 2d 469 (Tex.Crim.App.1997)(remanding case to trial court for fact resolution of applicant's claims), on remand, granting writ, Ex Parte Torres, 943 SW 2d 469 (1997); Ex Parte Denton, 399 SW 3d 540 (Tex. Crim.App. 2013)(multiple-punishments double-jeopardy claim can be raised for first time on habeas); See also United States v. Antuan

12.

Duane Dunlap, Case NO. 2:13-CR-00126-ODW-3, U.S. Dist. Ct. Cent. Dist. Calif, March 3, 2014 (dimissing indictment on outrageous governmental conduct based on identical "sting operation" policies used to entrap Applicant Zelaya-Zelaya in this case); Now compare Applicant's GROUND TWO, pgs. 8-9, WRIT APPLICATION, and APPLICANT'S WRIT EXHIBIT "F" - RACIAL PROFILING OF AFRICAN AMERICANS AND LATINOS IN DRUG STINGS A POSSIBILITY, JUDGE SAYS; EXHIBIT "G" - JUDGE BLASTS ATF STINGS FOR 'MADE-UP CRIME; and Zelaya-Zelaya v. State, NO. 14-09-00346-CR, 2010 WL 3002101 (Tex.App.-Houston [14th Dist.](noting Applicant's conviction stemmed from a "sting operation" created by the federal government and Houston Police Department):

> "[A]pplicant here would further show that USA-TODAY obtained a copy of the FBI's 2011 REPORT showing the FBI illegalities were nationwide and included prosecutions within the U.S. Southern District of Texas, Harris County, specifically referencing several Texas federal cases based on said illegal "sting operation;" as well as objections by certain U.S. Congressman protesting said illegalities by the FBI that resulted in Congressional hearings and other proposed bills to end said illegalities. See USA TODAY, www.usatoday.com, Aug. 2013; Therefore, Applicant's entrapment, arrest/, trial; conviction and sentence is based on outrageous government conduct, shocks the conscience and cannot stand and must be vacated....."
> WRIT APPLICATION, GROUND TWO, page 9, WRIT RECORD.

Surely, Applicant's claims are meritorious constitutional claims cognizable on habeas and deserved better consideration accorded them, instead of distorting, misrepresenting and alterting them to hide them in obscurity from this Court and the public conscience.

C.

ISSUE NUMBER THREE (RESTATED)
(Professional Unethical Conduct by State's Habeas Counsel)

As aruged above, at ISSUE NUMBER TWO, State Habeas Prosecuting Attorney MS. SHARON Y. CHU, distorted, micharacterized, misrepresented

13.

and altered Applicant's habeas claims, draining them of all meaning, and to decieve, defraud and injure Applicant's constitutional and statutory right to the writ of habeas corpus. Compare WRIT APPLICATIONS, with STATE'S ORIGINAL ANSWER, and STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER, WRIT RECORD, Id. Her conduct in this case is deliberate, unfair, flagrant and unethical in misrepresenting a "governmental record" as sworn to and filed with the Court. See e.g. Vasilas v. State, 187 SW 3d 486 (Tex.Crim.App. 2006) (a petition is a pleading filed in court and constitutes a "governmental record" within the meaning of § 37.01(2)(A), TEX. PENAL CODE). Applicant's habeas constitutional claims were so clear, direct and concise that were not subject to misinterpretation. The misrepresentation of these claims by State's Habeas Counsel was deliberate with knowledge of its altered falsity and is conduct prejudicial to justice, and obstructs the orderly administration of justice in violation of cannons of conduct and laws that govern her office and employment as a prosecuting attorney, and a member of the STATE BAR OF TEXAS. See AMERICAN BAR ASSOCIATION STANDARDS FOR CRIMINAL JUSTICE PROSECUTION FUNCTION, STANDARDS 3-1.2(b)(c); TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, RULE 8.04(a)(4); See e.g. Matter of J.B.K., 931 SW 2d 581, 583 (Tex.App.-El Paso 1996); State ex. rel ., Edison v. Edwards, 793 SW 2d 1, 7 (Tex.Crim.App. 1990); Duggan v. State, 778 SW 2d 465, 468 (Tex.Crim.App. 1989)(prosecutors are not exempt from the cannons of professional conduct); See also Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629 (1935).

This Court should issue a show cause order to State's Habeas Counsel MS. SHARON Y. CHU, requiring her to show cause why she should

14.

not be sanctioned by this Court, and, also, refer the matter to the STATE BAR GRIEVANCE COMMITTEE for further investigation. Matter of J.B.K., 931 SW2d 581; Guillory v. State, 557 SW 2d 118, 120 (Tex. Crim.App. 1997); Section 82.061, TEX. GOV'T CODE (on sanctioning attorney practice before Court for unethical conduct); See also Chambers v. NASCO, Inc., 501 U.S. 32 (1991)(filing misleading and false pleadings in court constitutes "fraud on the court" sanctionable by federal rules and the "inherent equitable" powers of courts to punish unethical practice before the courts); accord, Anderson v. Butler, 886 F. 2d 111, 113-14 (5th Cir. 1989).

D.

## ISSUE NUMBER FOUR (RESTATED)
### (Constitutionally adequate Habeas Procedures)

The U.S. Supreme Court has repeatedly rejected suggestions by government to restrict, or suspend the writ of habeas corpus, describing the vital function the GREAT WRIT has played throughout English and U.S. history: "[T]he Framers viewed freedom from unlawful restraint as a fundamental precept of liberty, [recognizing the writ] as a vital instrument to secure that freedom." quoting Boumediene v. Bush, 553 U.S.__, 128 S.Ct. 2229 (2008). The Court has recognized that, "[F]reedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." quoting Foucha v. Louisiana, 504 U.S. 71, 80, 112 S.Ct. 1780 (1992). "[T]he privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation of relevant law [.] These are easily identified attributes to any constitutionally adequate habeas corpus proceeding." Boumediene, 128 S.Ct. at 2266.

15.

Further, the Supreme Court has admonished the judiciary that a prisoner's first habeas writ petition is a "[s]erious matter implicating interests in human liberty," requiring courts give careful scrutiny to said petition in the writ's role in safeguarding constitutional rights to redress claims of wrongful imprisonment. Lonchar v. Thomas, 517 U.S. 314, 324 (1996); See also Ex Parte Carr, 511 SW 2d 523, 525 (Tex.Crim.App. 1976).

To safeguard those "protected liberty interests" not to be deprived of life, liberty or property without due process of law, which is at the "core of habeas corpus," the Court in Hamdi v. Rumsfeld, 542 U.S., 507, 124 S.Ct. 2633 (2004) adopted the procedures in Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893 (1976) to make the writ more efficacious in order to protect these core interests on claims of illegal restraint and detention. See also Ex Parte Geiken, 28 SW 3d 553, 558 (Tex.Crim.App. 2006)(applying two-step inquiry in determining if "liberty interests" exist and due process procedures to determine if they are sufficient to protect those interests).

In the case at bar, State's Habeas prosecuting Attorney MS. SHARON Y. CHU, unethically misrepresenting and distorting Applicant's constitutional claims on habeas in his "first writ petition," and then "proposing" findings of fact, conclusions of law on such disortions, the trial judge adopted, blindly, and without careful and independent scrutiny of the facts and the law, constitutes constitutionally inadequate habeas procedures and the unlawful suspension of the GREAT WRIT in violation of Article 11.07, TEX. CODE CRIM. PRO.; Article I, Section 12, Texas Constitution, and Article I, Section 9, Clause 2, U.S. Constitution.

16.

## V.

## CONCLUSION

For these reasons, this Court should order the writ application filed and set for submission on one, or more of these important issues presented, order the trial court to appoint licensed counsel to represent the indigent Applicant, order briefs and hold oral argument on said questions. And, thereafter, reverse and remand the case as law and justice requires.

WHEREFORE, PREMISES CONSIDERED, APPLICANT ALBIN ADALIN ZELAYA-ZELAYA prays that the Court grant all the habeas relief he is entitled to as a matter of law and justice.

Respectfully submitted,

May 30, 2015

ALBIN ADALIN ZELAYA-ZELAYA

TDCJ-CID NO. 1561950
Coffield Unit
Route 1, Box 150
Tennessee Colony, Texas 75884

APPLICANT PRO SE

17.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing APPLICANT'S PRELIMINARY BRIEF [.] has this the 30th of MAY, 2015, been mailed, postage prepaid, to the following interested parties and counsel of record for the State, below:

- MS. LISA C. McMINN
  STATE PROSECUTING ATTORNEY
  P.O. BOX 12405, CAPITOL STATION
  Austin, Texas 78711

- MS. SHARON Y. CHU
  Assistant District Attorney
  Harris County District Attorney's Office
  1201 Franklin Street
  Houston, Texas 77002
  STATE HABEAS ATTORNEY IN TRIAL COURT

ALBIN ADALIN ZELAYA-ZELAYA

18.