**In re OMEGA PROTEIN, INC., Relator.**

**No. 01–08–00656–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 20, 2009.

Christina K. Schovajsa, Robert L. Klawetter, Houston, TX, for Relator.

Jeffrey R. Seely, Michael E. Pierce, Arnold & Itkin, LLP, Houston, Marc Samuel Tabolsky, Yetter, Warden & Coleman, L.L.P., Austin, TX, for real party in interest.

Panel consists of Justices JENNINGS, BLAND, and HUDSON.

## OPINION

JANE BLAND, Justice.

This proceeding arises from a personal injury sustained by George Matthews, the real party in interest, alleged to have occurred during his employment at sea off

the Virginia coast. His employer, Omega Protein, Inc. ("Omega"), the relator, seeks mandamus relief, requesting that we order the trial court to dismiss the underlying suit for re-filing in Virginia.[1] Omega contends that the trial court's failure to dismiss the case based on forum non conveniens and a contractual forum selection clause constitutes an abuse of discretion. We conclude that, under the holdings of the United States Supreme Court in *Gulf Oil* and the Supreme Court of Texas in *In re General Electric*, the trial court must dismiss the case for forum non conveniens.[2] Accordingly, we conditionally grant mandamus relief.[3]

## BACKGROUND

In 2006, George Matthews entered a maritime employment agreement with Omega to work as a ring-setter aboard a fishing vessel owned and operated by Omega. The employment agreement included a forum selection clause, which states that the parties are "irrevocably" bound to bring any lawsuit between them in any state or federal court in Virginia, and that they consent and submit to jurisdiction in Virginia.

Matthews is a resident of Newport News, Virginia, and worked exclusively on fishing vessels that operated out of Omega's facility in Virginia. He completed the 2006 fishing season without reporting any on the job accident or injury. Upon returning for the 2007 season, Matthews underwent a physical examination, and a

doctor declared him fit for duty. Before resuming work in 2007, Matthews signed a second employment agreement, with a forum selection clause identical to that executed in 2006.

In January 2008, Matthews sued Omega in Harris County District Court for negligence and gross negligence "under the Jones Act and/or the general maritime law of the United States." In the suit, Matthews alleges that a fellow employee injured him in 2006 while aboard the F/V Lancaster. The Lancaster operates exclusively out of Virginia. Before filing his suit, Matthews received all of the medical treatment for his injuries in Virginia. After filing the lawsuit, Matthews sought additional medical treatment from Texas physicians, though he continues to reside in Virginia.

Omega moved to dismiss the suit for re-filing in Virginia based upon the forum selection clause and forum non conveniens. Matthews responds that venue is proper in Harris County because Omega's principal office is in Houston, Texas. The trial court denied the motion to dismiss. Omega seeks mandamus relief to direct the trial court to vacate its order and to order the trial court to dismiss the underlying suit for re-filing in Virginia.

## DISCUSSION

### A. Standard of Review

 Mandamus is appropriate to remedy an improper denial of a motion to

1. The underlying case is *George Matthews v. Omega Protein, Inc.*, Cause No.2008–04676, in the 189th Judicial District Court of Harris County, Texas, the Honorable William R. Burke, presiding.

2. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 512, 67 S.Ct. 839, 844–45, 91 L.Ed. 1055 (1947); *In re Gen. Elec.*, 52 Tex. Sup.Ct. J. 167, 2008 WL 5105255, at *10 (Tex. Dec. 05, 2008).

3. Given our resolution under general principles of forum non conveniens, we do not address whether recent amendments to the venue provisions of the Jones Act have the effect of barring enforcement of forum selection clauses in Jones Act cases.

dismiss for forum non conveniens. *See In re Pirelli Tire, L.L.C.,* 247 S.W.3d 670, 679 (Tex.2007). Both state and federal courts have jurisdiction to resolve Jones Act lawsuits. *See Mississippi Marine Transp. Co. v. Laplace Towing Corp.,* 964 F.2d 1571, 1575 (5th Cir.1992). "When a state court hears an admiralty case, that court occupies essentially the same position occupied by a federal court sitting in diversity: the state court must apply substantive federal maritime law but follow state procedure." *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406 (Tex.1998). Texas state courts employ the federal standard for analyzing forum selection clauses; thus, our analysis under federal law is substantively similar to state law, and we apply Texas procedural rules. *See Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 793 (Tex.2005).

## B. Forum Non Conveniens

■ Omega contends that the trial court abused its discretion by failing to follow the procedure set forth in section 71.051 of the Texas Civil Practice and Remedies Code. Section 71.051 states:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action. In determining whether to grant a motion to stay or dismiss an action under the doctrine of forum non conveniens, the court shall consider whether:
>
> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;

> (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
>
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and
>
> (6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

TEX. CIV. PRAC. & REM.CODE ANN. § 71.051(b) (Vernon 2008). In 2003, the Legislature amended section 71.051. *See id.* historical note. The prior version provided that a Texas case brought by a United States resident "may" be stayed or dismissed under the doctrine of forum non conveniens. Act of May 27, 1997, 75th Leg., R.S. ch. 424, § 1, 1997 Tex. Gen. Laws 1680; *In re Gen. Elec.,* 271 S.W.3d 681, 686 (Tex.2008). The amended statute provides that a trial court "shall" dismiss a claim or action if the court finds it would be more properly heard in a forum outside Texas. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.04, 2003 Tex. Gen. Laws 847, 854; *Gen. Elec.,* 271 S.W.3d at 686.

■ The Texas statutory factors echo the doctrine of forum non conveniens factors that the United States Supreme Court applied in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). *Gulf Oil* instructs courts to consider the following private interests of the parties: the relative ease of access to

sources of proof; the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining willing witnesses; the possibility to view the premises, if viewing would be appropriate to the action; the enforceability of a judgment if one is obtained; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id. Gulf Oil* also requires courts to consider the following public interests: administrative difficulties caused by litigation not handled at its origin; jury duty imposed upon people of a community that has no relation to the litigation; local interest in having localized controversies decided at home; and appropriateness of having a trial in a diversity case in a forum that is familiar with the state law that must govern the case, rather than having a court in another forum untangle problems in conflict of law and in law that is foreign. *Id.* at 508–09, 67 S.Ct. at 843.

 Forum non conveniens "has always afforded great deference to the plaintiff's forum choice." *Pirelli Tire,* 247 S.W.3d at 675. But the doctrine "generally affords substantially less deference to a nonresident's forum choice." *Id.* Dismissal based on forum non conveniens is appropriate "when there are sufficient contacts between the defendant and the forum state to confer personal jurisdiction upon the trial court, but the case itself has no significant connection to the forum." *Id.*

We apply the Texas doctrine of *forum non conveniens* to determine whether this Jones Act case may proceed in a Texas state court. *American Dredging Co. v. Miller,* 510 U.S. 443, 453–54, 114 S.Ct. 981, 988, 127 L.Ed.2d 285 (1994) (holding that the Jones Act does not preempt state law in applying the doctrine of *forum non conveniens,* and thus state law governs). As a state court applying federal substantive law, we review the *Gulf Oil* and the

statutory factors to determine whether dismissal is mandatory under the procedure set forth in section 71.051. *See id.*

*Adequate Alternate Forum*

Matthews concedes that Virginia is an adequate alternate forum. Specifically, he acknowledges that Virginia is a forum in which his claim may be tried; Virginia provides an adequate remedy; and Virginia can exercise jurisdiction over the parties. Because the parties do not dispute that Virginia is an adequate alternate forum, we proceed to the factors in contention.

*Private Interests*

The private factors are: relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining willing witnesses; the possibility of viewing the premises; enforceability of any judgment obtained; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843.

Omega contends that all of the private-interest factors favor the forum of Virginia, and we agree. First, we factor the relative ease of access to sources of proof. It is undisputed that the incident made the basis of this suit occurred off the Virginia coast. Prior to filing suit in January 2008, Matthews received all of his medical treatment, including his October 2007 surgery, in Virginia. Matthews lives in Virginia. All original documents relating to the F/V Lancaster are in Virginia. The vessel itself, which Matthews contends in his original petition is "unseaworthy," operates exclusively out of Omega's facility in Virginia. When the F/V Lancaster comes to port, it docks in Reedville, Virginia. Matthews did not receive any treatment from physicians in Texas until after filing the underlying lawsuit, more than one and

a half years after his injury. With the exception of the records of Matthews's Houston physicians, the ease of access to proof factor heavily favors Virginia as the appropriate forum.

Next, we weigh the availability of compulsory process. With the exception of one crew member from North Carolina, Matthews and all of the other crew members aboard the F/V Lancaster at the time of Matthews's injury resided in Virginia. All of Omega's land-based personnel responsible for the manning, operation, and maintenance of the F/V Lancaster are based in Virginia. According to evidence offered at the hearing, "[t]he persons with the most knowledge of Omega Protein's safety policy and procedures, and payment of maintenance and cure, are located in Omega Protein, Inc.'s offices in Reedville, Virginia." Compulsory process is unavailable to require attendance at a Texas trial by Virginia witnesses. *See Gen. Elec.*, 271 S.W.3d at 691–92 (citing TEX.R. CIV. P. 176.3). Although neither party indicates whether the Virginia witnesses are willing or unwilling to testify in Texas, the Texas Supreme Court has observed that it is unnecessary to specify which witnesses and evidence are unavailable "in a case such as this where the practical problems of trying a personal injury case hundreds of miles from the scene of the occurrence, the place where the lay witnesses reside, and where most other evidence is located is manifest." *Id.; see also Berg v. AMF Inc.*, 29 S.W.3d 212, 218 (Tex.App.-Houston [14th Dist.] 2000, no pet.) ("Because the majority of witnesses in this case are located in Canada, neither side would be able to obtain compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses could be prohibitive. Thus, the appellees have met their burden by demonstrating this private interest favors a Canadian forum.").

As to the other factors, because Matthews asserts that the ship upon which he was injured is "unseaworthy," any inspection of the ship would take place at its Virginia port. Matthews does not contest Omega's assertion that any judgment entered against it in Virginia would be enforceable against it because it possesses a principal office and operations there. Finally, because he and the other potential lay witnesses are Virginia residents, Matthews cannot logically claim that it is easier for him to litigate in Texas than in Virginia. Although we do not determine the enforceability of the forum selection clause, we nonetheless note that it is some evidence of the parties' expectations that any suit would be brought in Virginia. On balance, the private interest factors strongly favor the forum of Virginia.

*Public Interests*

█ The public factors for determining forum non conveniens are: administrative difficulties caused by litigation not handled at its origin; jury duty imposed upon people of a community that has no relation to the litigation; local interest in having localized controversies decided at home; and interest in having a diversity case tried in a forum that is familiar with the law that must govern the action. *Gulf Oil*, 330 U.S. at 508–09, 67 S.Ct. at 843.

Omega does not provide evidence of any administrative difficulties that might confront a Texas court. Additionally, interest in having a diversity case tried in a forum that is familiar with the law governing the action is a neutral factor because both Texas and Virginia will apply federal Jones Act law. *Ellis*, 971 S.W.2d at 406. The remaining public interest factors, however, weigh in favor of dismissal. The suit does not involve a local dispute. Matthews's injury has no meaningful connection to

Harris County or to Texas. The suit before us involves a Virginia employee regarding a personal injury that allegedly occurred on a vessel operating exclusively out of Virginia. The day-to-day operations of the F/V Lancaster were controlled by the crew of the vessel, all of whom were employees of Omega based in Virginia. None of the crew was a Texas resident. In *Gulf Oil*, the United States Supreme Court determined in similar circumstances that dismissal for forum non conveniens was appropriate. 330 U.S. at 503, 509, 67 S.Ct. at 840, 843 ("When sued in New York, the defendant, invoking the doctrine of forum non conveniens, claimed that the appropriate place for trial is Virginia where the plaintiff lives and defendant does business, where all events in litigation took place, [and] where most of the witnesses reside.... The plaintiff himself is not a resident of New York, nor did any event connected with the case take place there, nor does any witness with the possible exception of experts live there."). Similarly, in this case the only potential Texas witnesses are experts retained after suit was filed.

Recently, the Texas Supreme Court confirmed that the presence of a corporate headquarters is an insufficient basis for keeping a nonresident's suit in Texas when all of the other factors favor another forum. In *In re General Electric*, a Maine resident, alleging asbestos exposure, sued numerous companies in Texas. 271 S.W.3d at 684–85. The exposure occurred in Maine, and the plaintiff had "never lived or worked in Texas." *Id.* Similar to Matthews, who sued in Texas because Omega has its headquarters in Texas, the plaintiff in *General Electric* sued in Texas based upon the fact that three of the defendant companies were headquartered in Texas. *Id.* After noting that section 71.051 affords courts much less discretion when deciding whether to dismiss a suit than its 2002

predecessor, the court analyzed the six statutory factors and determined that the suit belonged in Maine, the presence of corporate headquarters notwithstanding. *Id.* at 686–88, 693–94. On balance, we too hold that Virginians possess a greater interest in this dispute than do Texans, and the public factors favor a Virginia forum.

### Duplication of Litigation

Omega asserts that dismissal of the suit will not result in unreasonable duplication or proliferation of litigation. Because the parties have not engaged in extensive discovery on the merits or presented motions relating to subjects other than dismissal, this factor too weighs in favor of Omega.

### Substantial Injustice

Omega lastly contends that maintenance of Matthews's claim in a Texas court would work a substantial injustice to it. Matthews points to two Texas connections: post-suit medical treatment and Omega's Houston presence. But governing caselaw has found neither to be adequate to defeat a motion to dismiss for forum non conveniens when the plaintiff, the witnesses, the incident scene, and the documents are all found in the same alternative forum, and the defendant has a presence there, too. *See Gulf Oil*, 330 U.S. at 503, 67 S.Ct. at 840; *Gen. Elec.*, 271 S.W.3d at 691–92. Because we have determined under *Gulf Oil* that the private and public interests weigh in favor of a Virginia forum, we also determine that a substantial injustice will occur if this suit proceeds in a Texas court, given the availability of a Virginia court.

* * *

We hold that an analysis incorporating the *Gulf Oil* factors strongly favors a Virginia forum, where the plaintiff and the witnesses live, the documents are housed, and the fishing vessel alleged to be unseaworthy docks. Like the statutory factors,

when the *Gulf Oil* factors in a case "favor the conclusion that an action or claim would be more properly held in a forum outside Texas ... [it] requires the trial court to grant motions requesting that it decline to exercise its jurisdiction." *Gen. Elec.*, 271 S.W.3d at 693–94. Accordingly, we hold that the trial court erred in denying Omega's motion to dismiss. Because an adequate remedy by appeal does not exist when a motion to dismiss for forum non conveniens is erroneously denied, mandamus relief is appropriate. *Pirelli Tire,* 247 S.W.3d at 679.

## CONCLUSION

We conditionally grant the petition for writ of mandamus and direct the trial court to grant Omega's motion to dismiss this suit based on forum non conveniens. The writ will issue only if the trial court fails to comply. All pending motions are overruled as moot.