**Opinion issued April 7, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00715-CV

———————————

## IN RE CVR ENERGY, INC. AND CVR REFINING, LP, Relators

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relators CVR Energy, Inc., and CVR Refining, LP (collectively "CVR Defendants") have filed a petition for a writ of mandamus challenging the trial court's denial of their motion to dismiss the underlying lawsuit based on forum non conveniens.[1] In a single issue, relators contend that the trial court abused its

---

[1] The underlying proceeding is *Donald R. Collier, Jennifer J. Collier, Dale A. Niemeyer, and Wendy Niemeyer v. CVR Energy, Inc. and CVR Refining, LP*, cause

discretion in denying the motion because they established that Texas is an inconvenient forum for the lawsuit. We conditionally grant the petition.

## Background

Real parties in interest Donald R. Collier, Jennifer J. Collier, Dale A. Niemeyer, and Wendy Niemeyer (collectively "Plaintiffs") filed suit against the CVR Defendants in Fort Bend County district court to recover damages for injuries resulting from a fire at a refinery located in Coffeyville, Kansas. The Colliers reside in Independence, Kansas, and the Niemeyers reside in South Coffeyville, Oklahoma. Donald Collier and Dale Niemeyer were injured in the fire and are employees of Coffeyville Resources Refining & Marketing LLC ("CRRM"), the refinery owner. CRRM is a wholly-owned subsidiary of CVR Refining, and CVR Energy owns CVR Refining's general partner and a majority of CVR Refining's limited partner units. The CVR Defendants are entities organized under Delaware law and have offices in Sugar Land, Fort Bend County, Texas.

In their original petition, Plaintiffs allege that "a critical leak occurred on a pump in the Isometric Unit" of the CRRM refinery and a "huge, fiery explosion resulted, severely injuring" the Plaintiffs. They assert negligence and gross negligence claims against the CVR Defendants, alleging that they control CRRM,

no. 2015-DCV-220330, in the 268th District Court of Fort Bend County, the Honorable Brady G. Elliott presiding.

2

their "wholly-owned subsidiary," and, therefore, are liable for CRRM's torts. Plaintiffs further allege that the CVR Defendants' acts of negligence and gross negligence caused damages to Plaintiffs. Plaintiffs supplemented their petition to allege that the CVR Defendants "were independently negligent in the performance of their duties under the Management Services Agreement proximat[ely] causing Plaintiffs damages and injuries." They seek "all damages available for the injuries of DONALD R. COLLIER and DALE A. NIEMEYER." The CVR Defendants answered with a general denial and asserted affirmative defenses that (1) Kansas workers' compensation law barred the claims; (2) the alleged injuries and damages resulted from intervening or superseding causes; and (3) the comparative responsibility of Donald Collier, Dale Niemeyer, CRRM, and its contractors, subcontractors, and suppliers should reduce any damages or render them not recoverable.[2]

The CVR Defendants also moved to dismiss the suit based on forum non conveniens under Texas Civil Practice and Remedies Code section 71.051(b),

---

[2] In this Court, the CVR Defendants contend that Plaintiffs have not asserted a viable cause of action because there is no evidence the CVR Defendants exercised control over the operation or maintenance of the pump or pump seal. However, the issue of whether evidence supports Plaintiffs' claims is not before the Court in this proceeding. *See Morris v. Scotsman Indus., Inc.*, 106 S.W.3d 751, 754 (Tex. App.—Fort Worth 2003, no pet.) (affirming summary judgment when evidence did not show that defendant had actual control or right of control over workplace and had no duty to provide safe workplace).

3

contending that Kansas was a more reasonable and appropriate jurisdiction. Plaintiffs responded that the CVR Defendants failed to prove that the section 71.051(b) factors supported dismissal and Texas was a convenient forum because the negligence that caused the Plaintiffs' injuries occurred in the CVR Defendants' office in Sugar Land, Texas. The trial court denied the motion.[3] The CVR Defendants seek mandamus relief to direct the trial court to vacate its ruling and dismiss the underlying suit.

## Discussion

### A. Standard of review

Mandamus is appropriate to remedy an improper denial of a motion to dismiss for forum non conveniens. *See In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex. 2007). We review a trial court's ruling on a motion to dismiss for an abuse of discretion. *See In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 923 (Tex. 2010); *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003). A trial court has no discretion in determining what the law is or in applying

---

[3] Mandamus relief may be based on an oral ruling if the ruling is a "clear, specific, and enforceable order that is adequately shown by the record." *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding); *see* TEX. R. APP. P. 52.3(k)(1)(A) (providing appendix must contain certified or sworn copy of order complained of "or any other document showing the matter complained of").

the law to particular facts. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004).

**B.     Motion to dismiss for forum non conveniens**

Texas Civil Practice and Remedies Code section 71.051 governs motions to dismiss for forum non conveniens in actions for personal injury. *See In re Gen. Elec.*, 271 S.W.3d at 685–86; *In re Mantle Oil & Gas, LLC*, 426 S.W.3d 182, 187 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). Section 71.0151(b) provides:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action. In determining whether to grant a motion to stay or dismiss an action under the doctrine of forum non conveniens, the court shall consider whether:
>
> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;
>
> (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claims;
>
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and

5

(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b) (West Supp. 2015). Section 17.051 does not place the burden of proof on a particular party but requires the trial court to consider the six factors, to the extent they apply. *In re Gen. Elec.*, 271 S.W.3d at 687. Further, section 71.051 does not require that a movant prove every factor or that every factor must weigh in favor of dismissal. *In re Mantle Oil*, 426 S.W.3d at 188 (citing *In re Gen. Elec.*, 271 S.W.3d at 687). "To the extent evidence is necessary, the trial court must base its decision on the weight of the evidence, and it is entitled to 'take into account the presence or absence of evidence as to some issue or position of a party.'" *Id.* (quoting *In re Gen. Elec.*, 271 S.W.3d at 687). If the factors weigh in favor of the claim or action being more properly heard in a forum outside Texas, section 71.051(b) "'requires dismissal of the claim or action.'" *In re ENSCO*, 311 S.W.3d at 924 (quoting *In re Gen. Elec.*, 271 S.W.3d at 686).

The forum non conveniens doctrine affords great deference to a plaintiff's choice of forum but "generally affords substantially less deference to a nonresident's forum choice." *In re Pirelli Tire*, 247 S.W.3d at 675; *see Quixtar, Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (noting, in common-law forum non conveniens cases, fact that "plaintiff is not a Texas resident speaks directly to a defendant's burden" in establishing propriety of dismissal). The doctrine recognizes

6

"that the plaintiff's choice must sometimes yield in the public interest, and in the interest of fundamental fairness." *In re Pirelli Tire*, 247 S.W.3d at 675. Dismissal on forum non conveniens grounds is appropriate when sufficient contacts to confer personal jurisdiction exist between the defendant and the forum state, but the case has no significant connection to the forum state. *Id.* at 675–76; *In re Omega Protein, Inc.*, 288 S.W.3d 17, 21 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding).

The first, second, and fourth section 71.051 factors are whether (1) an alternate forum where the claim may be tried exists, (2) the alternate forum provides an adequate remedy, and (3) the alternate forum can exercise jurisdiction over all the defendants properly joined to the plaintiff's claims. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b)(1), (2), (4). The CVR Defendants are registered to do business, and do business in Kansas. Plaintiffs do not dispute that the CVR Defendants are amenable to process in Kansas and, therefore, Kansas is an alternate forum to Texas and could exercise jurisdiction over them. Further, although contending that Texas law applies to this dispute, plaintiffs do not dispute that "Kansas would be an alternative forum that could provide an adequate remedy." These three factors weigh in favor of the CVR Defendants' motion to dismiss.

The fifth section 71.051 factor requires the balancing of the public interests of the state and the private interests of the parties. A consideration in this balancing is the extent to which Plaintiffs' injuries resulted from acts or omissions that

7

occurred in Texas or in Kansas. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b)(5); *see In re ENSCO*, 311 S.W.3d at 926. The public interest factors to be considered are the administrative difficulties related to court congestion, burdening the people of a community with jury duty when they have no relation to the litigation, the local interest in having localized controversies decided at home, and trying a case in the forum that is at home with the law that governs the case. *In re Mantle Oil*, 426 S.W.3d at 194 (citing *In re Gen. Elec.*, 271 S.W.3d at 691; *In re Pirelli Tire*, 247 S.W.3d at 679). The CVR Defendants contend that the public interest factors favor Kansas because the accident "occurred to Kansas residents, employed at a Kansas place of business, through a Kansas employment relationship, for which Kansas workers' compensation benefit were provided" and Texas courts should not be burdened with hearing cases with no significant connection to the state. They further contend that comity and choice-of-law concerns favor a Kansas forum.

Plaintiffs contend that the public interest factors weigh in favor of Texas because they allege that the CVR Defendants committed, at their Sugar Land offices, the negligent acts that caused the fire and "the case turns exclusively" on establishing "whether the managerial and operational decisions made in Sugar Land, Texas" proximately caused the fire and damages. Accordingly, they assert the case is a localized controversy that should be decided in Fort Bend County, any administrative difficulties would be ones associated with proof related to negligence

8

in Texas, jury duty would be imposed on the community where the negligence occurred, and "the issue of a Texas judge determining Kansas law in this case is a non-issue."

One consideration in the public-interest analysis is consideration of what law governs the case. *See In re ENSCO*, 311 S.W.3d at 928; *In re BPZ Res., Inc.*, 359 S.W.3d 866, 876 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding). Plaintiffs assert that, under the most significant relationship test, Texas law applies but "the negligence laws of Kansas and Texas are so similar" that no conflict of laws is present. In this Court, Plaintiffs also state, "It is plausible that Texas law regarding *liability* applies and that Kansas law regarding *remedies* applies." *See Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000) (stating, under most significant relationship test, court considers which state's law has most significant relationship "to the particular issue to be resolved"); *see also Torrington Co. v. Stutzman*, 46 S.W.3d 829, 850 (Tex. 2000) (noting plaintiff's domiciliary state usually has strong interest in seeing its compensatory damages law applied). The CVR Defendants assert that Kansas law applies and "[s]tatutory worker's compensation immunity is the most significant difference between the Kansas and Texas laws relevant to this case." Further, Plaintiffs argued in the trial court that a key document is the "Service Agreement," which Plaintiffs assert fixes responsibility on the CVR Defendants in Texas for day-to-day operations of the

9

refinery in Kansas. That document has a choice-of-law clause, which states that the document shall be governed and construed under Kansas law. The mandamus record does not indicate that the trial court decided which law applied but the trial court indicated that it would not have difficulty applying Kansas law.

Before deciding a choice of law issue, a court first must identify a conflict of law. *Vinson v. Am. Bureau of Shipping*, 318 S.W.3d 34, 51 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (citing *Ford Motor Co. v. Aguiniga*, 9 S.W.3d 252, 260 (Tex. App.—San Antonio 1999, pet. denied)).

The conflict that the CVR Defendants identify is "statutory workers' compensation immunity," specifically that Kansas law, unlike Texas law "does not allow plaintiffs to circumvent the workers' compensation immunity by allegations of gross negligence."[4] However, any conflict between Kansas and Texas workers' compensation law in this regard does not apply in this case because it is not a wrongful-death case since none of the Plaintiffs died. Texas law allows recovery of exemplary damages by a survivor or heir of an employee "whose death was caused

---

[4] The CVR Defendants indicate that differences between Texas and Kansas law regarding comparative negligence when workers' compensation benefits have been paid exist, and Kansas law, although "not completely settled," provides broad immunity to employer entities and may provide immunity to parent companies, such as the CVR Defendants. They, however, have not established such a difference. *See Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tool, Inc.*, 246 S.W.3d 42, 53 (Tex. 2008) (stating party advocating application of Louisiana law had burden to establish that it differed from Texas law to overcome presumption that it is same as Texas law).

. . . by the employer's gross negligence." TEX. LAB. CODE ANN. § 408.001(b) (West 2015). Otherwise, recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance. *Id.* § 408.001(a) (West 2015); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 412 (Tex. 1989) ("An employee who receives workers' compensation benefits may not bring suit for injuries caused by his employer's negligence, or even gross negligence."). Absent a conflict between Kansas and Texas law on this record, we do not undertake a choice-of-law analysis.

Other public interest considerations are administrative difficulties related to court congestion, burdening the people of a community with jury duty when they have no relation to the litigation, and the local interest in having localized controversies decided at home. The accident, of course, occurred in Kansas and injured exclusively residents of Kansas and nearby portions of Oklahoma. Plaintiffs focus their argument for a Texas connection on their contention that "the case turns exclusively on what happened in the Sugar Land offices" and allegations of negligence under the management services agreement. In support, Plaintiffs provided the trial court a copy of a CVR Refining 2014 Form 10-Q, which states that CVR Refining obtains management and other services from CVR Energy under a services agreement among CVR Energy, CVR Refining, and its general partner. Under the agreement, the general partner engaged CVR Energy "to conduct a

11

substantial portion of its day-to-day business operations" and the services rendered included "management of [CVR Refining's] property and the property of its operating subsidiaries in the ordinary course of business."[5] Plaintiffs also provided deposition testimony of Robert Haugen, who works in CVR Energy's Sugar Land office, and is an officer of CVR Refining and "all subsidiaries on the refining side." He testified that he is responsible for "day-to-day operations of the refineries" and that "day-to-day refinery operations and maintenance personnel report[ed] to [him]." The record contains no further evidence of the extent and level of detail of his involvement in operations for the refinery operated in Kansas by CVR's subsidiary, CRRM, or his responsibility for the equipment involved in the accident. The record contains no evidence about which acts or omissions occurred in Texas that caused the accident in Kansas. Plaintiffs argued to the trial court that there was a form called "Management of Change" that addressed improvements to the relevant hydrogen separator specifically and that tied decisions about the separator to Texas. No such document is in the record to support that argument or to identify the level of management where decisions about maintenance and repair were made.

---

[5] Although the CVR Defendants include in the mandamus record a copy of the "Services Agreement" and aver that it is the agreement referenced in Plaintiffs' supplemental petition, a copy of the agreement was not before the trial court. Here, the CVR Defendants state that they dispute the Plaintiffs' interpretation of the agreement as "giving CVR Energy operation responsibilities over [the] Kansas refinery." The agreement states that is to be governed and construed under Kansas law.

It is undisputed that the Collier plaintiffs are Kansas residents, Donald Collier and Dale Niemeyer are both employees of the CRRM refinery in Kansas, the refinery fire occurred in Kansas, and Collier's and Niemeyer's injuries occurred there. It is probable that the applicable law is that of Kansas. The public interest factors in favor of the Kansas forum outweigh the factors that favor a Texas forum. The record does not include evidence of any administrative difficulties caused by litigating in Texas. Further, Plaintiffs are not Texas residents and their forum choice is entitled to less deference than if they were Texas residents. *See Quixtar*, 315 S.W.3d at 33; *In re Mantle Oil*, 426 S.W.3d at 188.

Even assuming that Texas has an interest in the case based on the location of the CVR Defendants' office, Kansas has a stronger interest in adjudicating a dispute arising out of a refinery fire in Kansas. The balance of factors here is similar to that in *In re Mantle Oil* in which Louisiana residents sued Mantle Oil in Galveston County, alleging that the company committed, in Texas, negligent acts in operating a Louisiana well, resulting in a blowout. 426 S.W.3d at 195–96. However, because the plaintiffs were Louisiana residents, the well blowout occurred in Louisiana, and the alleged injuries and damages occurred in Louisiana, the balance of public interest factors weighed in favor of Louisiana. *Id.*; *see In re Omega Protein*, 288 S.W.3d at 22–23 (concluding that, despite Texas location of defendants' principal office, suit did not involve local dispute and factors favored dismissal when Virginia resident

13

was injured on fishing vessel operating out of Virginia). Finally, the presence of a corporate headquarters is an insufficient basis for keeping a nonresident's suit in Texas when the other factors favor another forum. *In re Omega Protein*, 288 S.W.3d at 23 (citing *In re Gen. Elec.*, 271 S.W.3d at 684–85).

The private factors are the ease of access to proof, the availability and cost of compulsory process for witnesses, the possibility of viewing the premises, if appropriate, and other practical problems that make trial easy, expeditious, and inexpensive. *In re ENSCO*, 311 S.W.3d at 926. Plaintiffs contend that the balance of these factors favors Texas because the contested issue is "whether there was negligence within the Sugar Land office" and, therefore, the evidence and relevant witnesses are located in Sugar Land and the refinery will not need to be viewed. However, the location of a joint office in Sugar Land is the only "real connection with Texas," virtually all identified witnesses to the accident reside in Coffeyville, Kansas, or South Coffeyville, Oklahoma, and only two identified witnesses are within the subpoena power of the Texas courts and one of these is an expert witness.

The CVR Defendants support their motion with the affidavit of Edmund S. Gross, General Counsel to the CVR Defendants and CRRM at the time of the refinery fire. Gross averred that the fire occurred when a refinery pump "experienced a shaft seal failure," causing the release of a volatile vapor that ignited; the investigation was undertaken at the refinery and "a shop" in Lee's Summit,

14

Missouri; the approximately 1000-pound pump was stored in Coffeyville, Kansas; and "[a]ll witnesses to the accident were either CRRM employees who were at work at the time, or medical or emergency personnel from the Coffeyville, Kansas area who arrived soon thereafter." The CVR Defendants also provided the trial court with a copy of their Responses to Plaintiffs' Requests for Disclosure in which they identified thirty-four individuals as persons with knowledge of relevant facts. Based on the addresses provided, only two of those persons would be subject to compulsory process in Texas. *See* TEX. R. CIV. P. 176.3(a) ("A person may not be required by subpoena to appear or produce documents or other things in a county that is more than 150 miles from where the person resides or is served.").

Plaintiffs responded that "the primary discovery is against CVR—its policies, procedures, email, budgets, orders, Purchase orders, documents" and assert the documents are located in Sugar Land. However, as shown by Plaintiffs' requests for production of documents to the CVR Defendants, Plaintiffs seek a greater variety of documents, including witnesses statements, incident and investigation reports, maintenance and repair manuals, and documents relating to maintenance and repairs for the refinery. The mandamus record does not reflect the location of any such documents. The evidence before the trial court reflects that compulsory process is unavailable to compel the vast majority of identified witnesses to appear in Fort Bend County, not all documents are located in Sugar Land, and the accident location

15

and pump in question are all located in Kansas. We conclude that consideration of the private interests also weighs in favor of dismissal.

The third section 71.015 factor is whether maintaining the action in Texas would work a substantial injustice to the moving party. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b)(3). Under this factor, a trial court considers, among other things, the location of relevant documents and evidence, and whether a majority of witnesses may be reached by compulsory process in Texas, which are also considerations under the balance of private interest factors. *In re Mantle Oil*, 426 S.W.3d at 192 (citing *In re ENSCO*, 311 S.W.3d at 925; *In re BPZ Res.*, 359 S.W.3d at 875; *Vinson*, 318 S.W.3d at 52). We have concluded that the record demonstrates that the majority of identified witnesses cannot be reached by compulsory process in Texas. Additionally, we have concluded that the public and private interest factors weigh in favor of a Kansas forum, we also conclude that this factor weighs in favor of dismissal. *See In re Omega Protein*, 288 S.W.3d at 23.

The sixth and final section 71.051 factor is whether stay or dismissal would result in unreasonable duplication or proliferation of litigation. The CVR Defendants did not address this factor in the trial court, and do not address it here. Plaintiffs assert only that "dismissal would not result in unreasonable duplication or proliferation of litigation, because once the case is resolved in Texas or Kansas the

dispute will not be required to be litigated elsewhere." Accordingly, this factor favors the CVR Defendants.

## Conclusion

Considering the section 71.051(b) factors, we conclude that the trial court abused its discretion in denying the CVR Defendants' motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b); *In re BPZ Res.*, 359 S.W.3d at 881. We conditionally grant the petition for a writ of mandamus and direct the trial court to vacate its ruling denying the motion to dismiss and grant the motion. The writ will issue only if the trial court fails to comply.


        Russell Lloyd
        Justice

Panel consists of Justices Higley, Huddle, and Lloyd.